■ In the Matter of MARTIN SILVER, Appellant, v. RICHARDS W. HANNAH, as Judge of the Family Court, et al., Respondents.— Appeal from judgment, Supreme Court, New York County, entered on January 19, 1971, unanimously dismissed, without costs and without disbursements. This matter is before us by way of an appeal from a judgment dismissing a petition pursuant to article 78 of the CPLR seeking to annul an order in the Family Court of the State of New York (Hon. Richards W. Hannah) adjudicating the petitioner, an attorney, in criminal contempt of court and punishing him therefor. Special Term (Ross, J.) dismissed the petition. In dismissing this appeal, we do so on the ground that in this instance, a record having been made, reflecting a hearing, with defendant present, testifying and represented by counsel, review by appeal directly to this court, instead of an article 78 proceeding, is more consonant with the precedents. (*Matter of Brinn* v. *McNally*, 276 App. Div. 957; *Matter of Grand Jury of County of Kings*, 278 App. Div. 206; *Matter of Walker*, 275 App. Div. 688, affd. 299 N. Y. 686; *Matter of Goodman* v. *Sala*, 268 App. Div. 826, app. dsmd. 293 N. Y. 761.) If the contempt, committed in the immediate view of the court, had been followed by summary punishment, an article 78 proceeding would be acceptable. (*Matter of Douglas* v. *Adel*, 269 N. Y. 144.) But, in the instant case, the episode in question took place on May 19, 1970, and the hearing, resulting in the formal holding of contempt, occurred on June 22, 1970. There being a record adequate for appellate review, made after the event, a review by appeal is the apparently designated avenue for challenge. (See 33 ALR 3d 487–490.) Moreover, in dismissing the petition, we note the avowal of the attorney that he intended no disrespect for the court and we note the gracious accession of the Trial Judge to an apology. And in view of the recognized seniority and eminence of the distinguished Presiding Judge, and the youth

and inexperience of counsel, an apology would seem to be in order and more in accord with the fraternal spirit of forbearance and fellowship which should animate and sustain both Bench and Bar during these harried days in our great metropolitan tribunals. (See *Matter of Herman,* 37 A D 2d 315.) Concur — McGivern, J. P., Markewich, Kupferman, Murphy and McNally, JJ.