## (March 13, 1973)

■ In the Matter of UNITED STATES FIRE INSURANCE COMPANY, Appellant, v. JOSEPH GRIECO, Respondent.— Order, Supreme Court, New York County, entered on September 11, 1972, denying petitioner's application to stay arbitration, pursuant to CPLR 7503, (subd. [c]), unanimously reversed, on the law, without costs and without disbursements, the application granted and arbitration stayed. Claimant failed to comply with the condition precedent to coverage, under the uninsured motorist indorsement of his automobile policy which required that he, within 24 hours, report to the police the alleged hit-and-run incident which gave rise to his claim. In the circumstances, the fractured elbow allegedly sustained by claimant does not excuse his failure to report the occurrence within the prescribed time limit. (Matter of Davis [MVAIC], 33 A D 2d 663.) Concur — Stevens, P. J., McGivern, Kupferman, Lane and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. NAYDA CINTRON, Appellant.— Judgment, Supreme Court, Bronx County, rendered on November 24, 1971, convicting the defendant of criminal possession of a dangerous drug in the sixth degree and sentencing her to a reformatory term of imprisonment, unanimously reversed, on the law, and vacated, and the case remanded to the Criminal Term of Supreme Court, Bronx County, for resentencing. It is apparent that on the date of sentencing, the defendant was a narcotics addict. In addition the defendant was adjudicated a youthful offender, which mandated commitment to the Narcotics Addiction Control Commission (People v. Littlejohn, 40 A D 2d 633). However, at the date of sentence, the commission was not accepting criminal defendants. At this time, the facilities of the commission are available and the defendant should accordingly be resentenced (cf. People v. Goldenberg, 40 A D 2d 613). Concur — Stevens, P. J., McGivern, Kupferman, Lane and Capozzoli, JJ.

■ In the Matter of JOHN J. GREEN, Respondent, v. PATRICK V. MURPHY, as Police Commissioner of the City of New York, Appellant.— Judgment, Supreme Court, New York County, entered September 28, 1972, which annulled the Police Commissioner's termination of petitioner's employment as a probationary patrolman and remanded to the Commissioner for further proceedings, unanimously reversed, on the law, and vacated, without costs and without disbursements, and the petition dismissed. A proper evaluation of the petitioner's test marks at the Police Academy under the applicable rules shows that they were below passing. No purpose would be served by the remand. (Reed v. Murphy, 37 A D 2d 823.) Concur — McGivern, J. P., Kupferman, Murphy, Lane and Tilzer, JJ.

■ CONTINENTAL CRAFTSMEN, INC., et al., Respondents, v. SIGMUND SOMMER et al., Appellants.— Order, Supreme Court, New York County, entered November 9, 1972, unanimously reversed, on the law, and summary judgment denied, with $60 costs and disbursements to appellants to abide the event. In this action by a tenant of an abutting building against a general contractor and the foundation subcontractor, Special Term granted summary judgment. We find the record discloses several issues of fact as to whether there was negligence and whether that negligence caused the damage. The fact that a wall of the building partially occupied by plaintiff fell is not conclusive on these issues; and the building not being in defendants' control res ipsa does not apply. Hence there was no burden on defendants to explain the fall of the wall but only to present facts which raised an issue of their negligence. This they have done. Concur — Nunez, J. P., Kupferman, Murphy, Steuer and Capozzoli, JJ.