■ In the Matter of ANONYMOUS, Respondent, v MICHAEL J. CODD, as Commissioner of Police of the City of New York, et al., Appellants.—Order entered in the Supreme Court, New York County, on January 23, 1975, unanimously reversed, on the law, the application denied, the cross motion granted and the petition dismissed, without costs or disbursements. In this article 78 CPLR proceeding, respondent Police Commissioner appeals by leave granted by Special Term from an order which denied his motion to dismiss the proceeding and granted the petitioner's application for a plenary hearing. Petitioner's employment as a probationary police officer was terminated one week before the end of his probationary period. The notice of termination stated only that petitioner's services were terminated without giving any reason therefor. An affirmation of counsel in support of the application alleged that the petitioner's employment had been terminated because of an investigation by the department which found that he had been "engaged in loan sharking" and "was associating with members of organized crime families without police necessity." The allegations were predicated on a report by the Internal Affairs Division of the Police Department which contained a recommendation of the commanding officer that petitioner's employment be terminated. A copy of the report, surreptitiously taken from the department and allegedly received by petitioner in the mail from an unknown source, was annexed to the petition. Petitioner acknowledges that he had been engaged in criminal activities and associations prior to his appointment to the force, but that such activities were necessitated by his work as an undercover investigative newsman and his interest and desire to enter the department's organized crime intelligence task force. Petitioner's contacts with organized crime figures and his undercover criminal activities while working for a prominent television station and reporting to a prominent newscaster were not disclosed to the police department by petitioner at any time. It has been repeatedly held that a probationary employee is not entitled to an administrative hearing concerning reasons for dismissal unless he can prove that the termination of his employment was for an improper reason or that the determination was made in bad faith. (Matter of Bergstein v Board of Educ., Union Free School Dist. No. 1 of Towns of Ossining, New Castle & Yorktown, 34 NY2d 318; Haberman v Codd, 48 AD2d 505.) Petitioner's claim that a stigma attached because of his dismissal and that he was, therefore, entitled to a hearing to confront the allegations contained in the report is plainly insupportable. Petitioner failed to plead or proffer supportive proof to show that the department gave any information from his personnel file to individuals with whom he sought employment. To the contrary, petitioner, upon being terminated from the department, returned to work as a free lance courier for CBS and ABC News and Television News, Inc. Petitioner is not entitled to an administrative hearing on his claim since he failed to show that any charge was publicized or that any publication resulted in a foreclosure of an employment opportunity "amounting to a deprivation of 'liberty' ". (Board of Regents v Roth, 408 US 564, 574, n 13.) Petitioner has not met his burden of presenting competent evidence to show a deprivation of his rights or bad faith or other arbitrary action constituting an abuse of the Commissioner's discretion. Accordingly, the order appealed from should be reversed and

respondent's motion to dismiss the petition should be granted. Concur—Stevens, P. J., Markewich, Kupferman, Capozzoli and Nunez, JJ.