■ In the Matter of JOSEPH C. TABONE, Appellant, v MICHAEL J. CODD, as Police Commissioner of the City of New York, et al., Respondents. In the Matter of THOMAS GOLDEN, Appellant, v MICHAEL J. CODD, as Police Commissioner of the City of New York, et al., Respondents.—Judgments of the Supreme Court, New York County, each entered in the office of the clerk on October 10, 1974, denying each petition to vacate respondent's determination to terminate the respective petitioner's employment as a probationary police officer, unanimously affirmed, without costs and without disbursements. As to Tabone: The fact that the grade received by petitioner in a fifth or supplemental examination raised his academic average above the 70% level did not mandate his retention as a probationary police officer. It appears that respondent police commissioner in arriving at his determination reviewed petitioner's entire record. An evaluation of petitioner's scholastic career at the academy warranted the conclusion that petitioner's attitude toward his studies was immature and irresponsible. On the facts presented, no hearing was required prior to respondent's determination *(Matter of Voll v Helbing,* 256 App Div 44, app dsmd 294 NY 653; *Matter of Talamo v Murphy,* 38 NY2d 637). There has been no demonstration that respondent improperly exercised his broad powers in deciding to terminate petitioner's status. Under the circumstances, it cannot be said that respondent's determination was arbitrary or capricious *(Matter of Talamo v Murphy, supra).* As to Golden: The record is clear petitioner was terminated as a probationary police officer essentially on the basis of medical informa-

tion in his file that he did not appear to be a good prospect for police employment. Under the circumstances, the determination of respondent police commissioner was neither arbitrary nor capricious *(Matter of Talamo v Murphy, supra).* There is no merit to petitioner's claim he was entitled to a hearing prior to termination. The notice of termination set forth no reason therefor. The record does not disclose that respondent's action impugned petitioner's good name or imposed a stigma "that foreclosed his freedom to take advantage of other employment opportunities." *(Board of Regents v Roth,* 408 US 564, 573; cf. *Matter of Jackson v Wallach,* 48 AD2d 925; cf. *Matter of Anonymous v Codd,* 49 AD2d 826.) Concur—Markewich, J. P., Murphy, Birns, Silverman and Capozzoli, JJ.