In the Matter of M. SAYEED QURAISHI, Appellant, v EWALD B. NYQUIST, as Commissioner of Education of the State of New York, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered November 3, 1975 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, seeking to be permanently restored to his civil service position. Petitioner commenced his employment with the State on May 30, 1974 as chief scientist (biology) with the science service under the Education Department. His first probationary period evaluation report on July 11, 1974 rated him "good" in every category. It also indicated he was to be continued probationary and that the division policy was to continue the probation period for the maximum 26 weeks. The report in addition disclosed that the minimum probation period ended July 25, 1974 and the maximum on November 28, 1974. The second evaluation report on September 10, 1974 also rated petitioner "good" in every category and reiterated the termination date of the maximum period. On November 8, 1974 petitioner received his final probationary period evaluation report which stated he was to be terminated because of "lack of initiative in proposing new projects or modifying existing projects. Difficulties in guiding scientists in performance of their duties". Thereafter this article 78 proceeding contesting his dismissal was commenced wherein he seeks an order decreeing that he became a permanent employee at the end of his eight-week probationary period and that his dismissal was arbitrary and capricious and he should be permanently restored to his position. Special Term denied the relief requested and dismissed the petition. This appeal ensued. Petitioner raises several issues urging reversal. He contends that his probationary appointment became permanent after the minimum eight-week period because he was not provided written notice that the minimum probationary period would be extended. We disagree. Petitioner's first evaluation report was received prior to the expiration of the minimum period and did reveal that the probationary period was being continued. Consequently, permanent status was not acquired at the end of the minimum period *(Clark v Commissioner, N. Y. State Dept. Social Servs.,* 53 AD2d 122, 124). It is well established that a probationary employee may be terminated without specific reasons being given, without charges being filed and without a hearing *(Matter of Talamo v Murphy,* 38 NY2d 637; *Matter of Matsa v Wallach,* 42 AD2d 1004). It is equally well established that our review is limited to an inquiry as to whether respondent's action was made in bad faith, and, therefore, arbitrary and capricious *(Matter of King v Sapier,* 47 AD2d 114). Petitioner, in substance, maintains that he was satisfactorily performing his duties in all categories and, consequently, his discharge was made in bad faith. He relies on the fact that each previous evaluation report indicated "good" performance in all categories and on the further fact that he was never told otherwise. As to the latter, an affidavit submitted by Dr. Jamnback, petitioner's immediate superior, states, in substance, that Jamnback did have talks with petitioner and indicated to petitioner that he would have to take initiative in guiding projects in the hope that petitioner would demonstrate leadership and administrative abilities which were necessary for the proper performance of petitioner's duties. Jamnback further stated that such demonstration was not forthcoming. Considering the record in its entirety there is, in our view, substantial

evidence to justify the respondent's determination. Finally, we are unable to agree with petitioner's contention that he suffered damages to property rights because the discharge injured his professional reputation and such action was improper without a hearing (see *Matter of Anonymous v Codd,* 49 AD2d 826, affd 40 NY2d 860). The cases relied upon by petitioner are distinguishable. The dismissal in the instant case does not impose a stigma of immorality or dishonesty or other disability which forecloses petitioner's freedom to obtain other employment (see *Matter of Talamo v Murphy,* 38 NY2d 637, *supra).* Judgment affirmed, without costs. Koreman, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.