■ In the Matter of MERLINE MCINTOSH, Respondent, v BOROUGH OF MANHATTAN COMMUNITY COLLEGE et al., Appellants. — Judgment, Supreme Court, New York County, entered February 21, 1980, directing the respondents to give petitioner a passing grade and a nursing degree, unanimously reversed, on the law, and petition dismissed, without costs. Respondent Borough of Manhattan Community College (college) has an educational policy that any student, who fails "Nursing 410" on two occasions, will not receive a nursing degree. Petitioner McIntosh failed that course twice. The passing grade for that course was 70.00; petitioner received a failing mark of 69.713 upon her second enrollment. At Special Term, petitioner, sought to show that two of her answers on the final examination were as correct or more correct than the designated answers. Alternatively, petitioner asked that her final mark be "rounded off" to a passing grade of 70.00. Special Term found that it was arbitrary and capricious for the petitioner's instructor to fail a graduating senior by a score of .287. That court did not reach the issue of whether the petitioner's two answers were as correct or more correct than the designated answers. Generally, the courts may not interfere with the administrative discretion exercised by an educational institution unless the circumstances disclosed by a record leave no scope for the use of that discretion in the manner under scrutiny. *(Matter of Lesser v Board of Educ.*, 18 AD2d 388, 390.) This judicial reluctance to intervene encompasses controversies involving academic standards. This policy of judicial restraint is founded upon sound considerations of public policy. When an educational institution issues a diploma to one of its students, it is, in effect, certifying to society that the student possesses all of the knowledge and skills that are required by the chosen discipline. An educational institution is not required to confer a diploma before the student has demonstrated competence in accordance with the institution's academic standards *(Matter of Olsson v Board of Higher Educ.*, 49 NY2d 408, 413, 414). In accordance with this principle, we find no reason to substitute our opinion for the college's policy that no student should receive a nursing degree unless the student passes "Nursing 410". Likewise, we do not take it upon ourselves to "round off" the petitioner's failing mark since the college has no policy to support such action. Upon this appeal, petitioner has made no attempt to demonstrate that her two answers were as correct or more correct than the designated answers. Consequently, we cannot grant her any relief on that basis. Petitioner is still free to enroll in the external degree program maintained by the Board of Regents or to take an equivalent program. Concur — Murphy, P. J., Fein, Ross, Bloom and Carro, JJ.