■ In the Matter of RICHARD J. LENTLIE, Appellant-Respondent, v JOHN C. EGAN, as Commissioner of the New York State Office of General Services, et al., Respondents-Appellants. — Cross appeals from a judgment of the Supreme

Court at Special Term (Williams, J.), entered November 9, 1982 in Albany County, which, in a proceeding pursuant to CPLR article 78, (1) denied petitioner's application for reinstatement to his position as a security services assistant, (2) held that he was not entitled to a hearing regarding his termination from said employment, and (3) ordered that he be granted a hearing to clear his name. In September of 1981 while petitioner was employed by the New York State Office of General Services (OGS), he was offered and accepted a temporary appointment as a security services assistant I (S.S.A.I.). Satisfactory completion of a 26- to 52-week probationary period was a prerequisite to a permanent appointment. During the probationary period petitioner was terminated and immediately reinstated to his former position as a "Cleaner". When advised by letter from OGS that his termination was due to an unsatisfactory interim probationary report, he sought and was granted a review of his termination. Subsequent to the review meeting the termination was upheld. Petitioner maintained that he was not given specific reasons for his termination but was merely asked to explain why he should not be discharged. Respondents contend otherwise. While the probationary reports initially indicate that petitioner was showing improvement and was a good worker, a later report indicated deficiencies primarily dealing with petitioner's reluctance to operate within the rules and to accept supervision together with a non-cooperative attitude toward his fellow workers. Contending that his termination was due not to unsatisfactory performance but rather to a campaign of harassment by his new supervisor, petitioner commenced an article 78 proceeding seeking a judgment declaring his termination to have been arbitrary and capricious and requesting his reinstatement or, alternatively, a hearing so as to enable him to clear his name. Special Term concluded that the discharge was in good faith but granted petitioner a hearing to clear his name after concluding that it was not realistic "to say that these charges will not be disseminated". Both parties appeal from that determination. Prior to addressing the merits we feel compelled to address petitioner's urgent prayer advanced in his brief and at oral argument that respondents' answer be rejected by reason of its insufficiency and improper verification. We decline to do so for while an improperly verified pleading may be treated as a nullity, it may be so considered only if notice is given to the opposition with due diligence. Due diligence has been held to mean within 24 hours or immediately, and it appears that no such notice was provided here. Hence, the deficiencies, if any, are deemed waived (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3022:2, p 396). It is well and long settled that a probationary employee may be discharged at any time without a hearing, without charges being filed or without specific reasons being given (*Matter of Talamo v Murphy*, 38 NY2d 637; *Matter of Quraishi v Nyquist*, 55 AD2d 775, app dsmd 41 NY2d 1008; *Matter of King v Sapier*, 47 AD2d 114, affd 38 NY2d 960, and cases cited therein). Hence, judicial review in cases involving the termination of probationary employees is "limited to an inquiry as to whether respondent's action was made in bad faith, and, therefore, arbitrary and capricious" (*Matter of Quraishi v Nyquist, supra*). Perusal of the record with these principles in mind reveals ample support for Special Term's conclusion that the discharge was made in good faith. Evaluation reports from the start of petitioner's probationary period indicate deficiencies in his performance. They reflect his disdain for rules and regulations, an argumentative attitude and an absence of any spirit of co-operation. Petitioner's contention that he was the subject of harassment by a new supervisor is belied by the fact that deficiencies in the reports were noted before the new supervisor's arrival. Moreover, petitioner concedes that he bent an employer rule, and an employer's insistence that an employee perform in accordance with established rules and

procedures, particularly in the sphere of security, is not unreasonable nor arbitrary or capricious. This evidence in the record supporting the conclusion that petitioner's performance was unsatisfactory establishes that the discharge was made in good faith (*Matter of King v Sapier, supra,* p 116). However, we disagree with Special Term's conclusion that petitioner is entitled to a name clearing hearing. Due process requires that such a hearing be afforded only when certain criteria have been satisfied and those criteria are specified in *Matter of Carter v Murphy* (80 AD2d 960, 961). Noticeably lacking of fulfillment is the requirement that petitioner establish that the charges against him were made public or made available to a potential future employer. While petitioner has demonstrated a liberty interest and denied the charges, his bare assertion that the charges or evaluations of performance were contained in employer reports "and widely elsewhere" fails to establish that they were either publicized or made available to potential future employers. Special Term did not conclude that there had been public dissemination but only that future dissemination was more than likely because of knowledge within the agency. However, there is no deprivation of a liberty interest and, thus, no entitlement to a name clearing hearing until such time as the reasons for discharge are publicly disclosed (*Bishop v Wood,* 426 US 341, 348). Hence, Special Term erred in granting the hearing. Judgment modified, on the law and the facts, by reversing so much thereof as granted petitioner's request for a name clearing hearing, and, as so modified, affirmed, without costs. Kane, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.