■ In the Matter of ERNEST A. HUNTER, Appellant, v EDWARD M. MURRAY, as Judge of the Court of Claims, et al., Respondents.—Kane, J. P. Appeal from a judgment of the Supreme Court (Cobb, J.), entered June 13, 1986 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia,* review an order holding him in criminal contempt of court.

Petitioner was employed by the State Office of Alcoholism and Substance Abuse as a narcotic parole officer and substance abuse treatment specialist. As a result of deemphasis on drug programming, petitioner's position was abolished in March 1979, and he was placed on a "preferred eligible list" for alternative employment. Thereafter, petitioner sought reinstatement to his previous job, which required him to take physical and psychiatric examinations prior to any reinstatement. He failed the psychiatric examination and his name was removed from the eligible list for employment. A request by him to the Department of Civil Service for more information about his medical and psychiatric examinations was denied as a matter of policy by letter dated April 29, 1980. The letter further advised petitioner that the desired information would be released to his personal physician upon request, and that if petitioner desired a hearing in regard to the Department's determination he should submit such a request in writing within 30 days.

Petitioner did not seek a hearing; rather, he commenced a CPLR article 78 proceeding in May 1980 against the Department for unlawful denial of employment. The proceeding was dismissed as premature by decision dated July 18, 1980, and the matter returned to the Department with a directive that a hearing be scheduled pursuant to Civil Service Law § 81 (7) within 90 days. During the ensuing 90-day period, petitioner was informed in writing by the Department of his entitlement to a hearing and that a failure to request a hearing would be deemed a waiver of his right and result in his name being permanently removed from the preferred list for narcotic parole officers. Petitioner did not request a hearing, but at-

tempted to appeal the July 18, 1980 decision. Leave to appeal was denied by the Appellate Division, First Department, an appeal to the Court of Appeals was dismissed and the Supreme Court of the United States denied certiorari.

In April 1981, petitioner commenced another article 78 proceeding which was dismissed on the grounds of the expiration of the Statute of Limitations and res judicata. The Appellate Division, First Department, affirmed and appeals to the Court of Appeals and the Supreme Court of the United States were dismissed.

Thereafter, petitioner filed a claim against the State in the Court of Claims for wages he would have received if he had been retained in the State's employ. The claim was dismissed by order dated January 26, 1983 on the ground that petitioner failed to first establish that he was entitled to his former employment *(see, Austin v Board of Higher Educ.,* 5 NY2d 430). Petitioner did not appeal the dismissal of his claim. However, he thereafter made successive unsuccessful motions to vacate the order of January 26, 1983 in February, May and August 1985. Following the denial of the August 1985 motion, petitioner was informed by respondent Edward M. Murray, Judge of the Court of Claims, that his proper remedy to review the court's decision was an appeal, not a motion to vacate. In addition, the court warned petitioner that another motion to vacate seeking the same relief would result in a finding and fine for criminal contempt of court. Nevertheless, in November 1985, petitioner made his fourth motion to vacate the court's decision, and a contempt order was issued with imposition of a $250 fine, with the right to petitioner to purge himself of contempt by appealing, within 90 days, the order denying petitioner's motions. Instead of proceeding with a timely appeal, petitioner chose to commence the instant article 78 proceeding seeking review of the contempt order, as well as reinstatement to employment. Supreme Court dismissed the proceeding and this appeal ensued.

The judgment dismissing the proceeding must be affirmed. When petitioner made his fourth motion to vacate the decision of the Court of Claims after being warned of the consequences, his actions were clearly in defiance of the instructions and authority of the court and constituted the willful disobedience of a lawful mandate of the court. Accordingly, the court possessed the jurisdiction, power and discretion to hold petitioner in criminal contempt (Judiciary Law § 751), and since petitioner had available to him full judicial review of the record of proceedings finding him in contempt through

normal avenues of appellate review, relief under CPLR article 78 is not available *(see, Matter of Morgenthau v Roberts,* 65 NY2d 749; *Matter of Legal Aid Socy. v Sheinman,* 53 NY2d 12).* Petitioners' argument of the applicability of the provisions of CPLR 7801 (2) is without merit, since the order of contempt herein was not "summarily" granted, but made after due warning upon a record adequate for appellate review and with an opportunity to purge himself of the contempt *(see, Matter of Silver v Hannah,* 37 AD2d 949).

Petitioner, proceeding *pro se,* has been given every opportunity to pursue his lawful remedies. He has chosen to reject each and every suggestion and chart his own course in spite of the many considerations and leniency afforded him by the courts throughout the history of this matter. The failure to pursue his administrative remedies and the subsequent decision to seek relief by means of article 78 proceedings foreclose any claim for job reinstatement and back wages upon the grounds of res judicata and the expiration of the Statute of Limitations *(see, Smith v Russell Sage Coll.,* 54 NY2d 185, 194; *see also, Watergate II Apts. v Buffalo Sewer Auth.,* 46 NY2d 52, 57; *Matter of Reilly v Reid,* 45 NY2d 24, 28; *Austin v Board of Higher Educ., supra).*

Judgment affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.