OPINION OF THE COURT
Albert A. Blinder, J.
These are motions for summary judgment, by the respective parties, on the issue of liability.
The gravamen of the claim is an alleged breach of an employment contract between claimant and Downstate Medical Center (hereinafter Downstate) for the failure to allow Dr, Lachica to enter her third year of residency in surgery.
By interim order, filed February 20, 1987, this court ordered *773 further discovery and submissions in connection with these motions.
Turning initially to the defendant’s cross motion, it is the position of the Attorney-General that the defendant is entitled to summary judgment for claimant’s failure to comply with section 112 of the State Finance Law and on the ground that the decision not to allow claimant to continue her surgical residency was "inherently academic in character” and, therefore, "non-justiciable”.
Claimant argues, inter alia, that the issue of the merit of Dr. Lachica’s claim was adjudicated in the court’s opinion granting permission to file a late claim (Lachica v State of New York, motion No. M-29168, filed July 20, 1983, Orlando, J.). The order on that motion was affirmed by the Appellate Division, Second Department. (See, Lachica v State of New York, 101 AD2d 881). This court does not agree.
It is not unknown that a finding of an appearance of merit (Court of Claims Act § 10 [6]) has been made in an opinion allowing the late filing of a claim (see, e.g., Iazzetta v State of New York, motion No. M-22896, filed Mar. 17, 1980, Weisberg, J.), and that, subsequently, the claim was dismissed on .the merits. (Iazzetta v State of New York, claim No. 64057, filed Mar. 29, 1984, Blinder, J., affd 115 AD2d 518, lv denied 67 NY2d 605; see also, Epstein v State of New York, 124 AD2d 544, lv denied 69 NY2d 605.)
Thus, we find no bar to this court’s examination of the sufficiency of claimant’s alleged cause of action in relation to the legal defenses raised by the cross motion.
The first argument advanced by the defendant is based on section 112 of the State Finance Law in that the alleged contract was never filed with nor approved by the Comptroller and, therefore, invalid. (See, e.g., Schenker v State of New York, 126 Misc 2d 1038.)
For the duration of her residency in surgery at Downstate, it appears that claimant was paid by the Veterans Administration, and performed services at the Veterans Administration Hospital as a result of an affiliation agreement, approved by the Comptroller, between the two hospitals. That agreement provided that Downstate would, "supervise, through the Veterans Administration Hospital Director and the staff of consulting and attending specialists, the education and training programs of the Veterans Administration Hospital and such programs as are operated jointly by the Veterans Admin *774 istration and the School.” Among other responsibilities in the agreement, including operation and administration of the Veterans Administration Hospital, the Veterans Administration agreed to, "consider for appointment the attending and consulting staff and the physician trainees nominated by the Deans Committee and approved by the Veterans Administration.”
The alleged employment contract, as previously identified, does not provide for any payments by the State of New York nor any agency thereof. The difficulty, of course, is that claimant is now seeking contract damages from the State of New York for an alleged breach thereof.
Inasmuch as no deposition of any employee of the Comptroller’s office was submitted, although this court’s interim order contained a direction on this issue, the court is confined to relying solely on existing case law.
It would appear to the court to be an anomaly to hold that section 112 of the State Finance Law is inapplicable to the alleged contract and, at the same time, allow claimant to maintain her claim against the State of New York for $85,000 in damages.
The Court of Appeals in Parsa v State of New York (64 NY2d 143) had occasion to address the issue of whether section 112 of the State Finance Law applied to an alleged agreement for services where the payments were to be made from funds received from the Federal Government in the form of Medicare benefits.
The court held that:
"A party contracting with the State is chargeable with knowledge of the statutes which regulate its contracting powers and is bound by them (Belmar Contr. Co. v State of New York, 233 NY 189, 194). Moreover, the State’s acceptance of benefits furnished under a contract made without authority does not estop it from challenging the validity of the contract or from denying liability pursuant to.it (Becker & Assoc, v State of New York, 48 NY2d 867, affg 65 AD2d 65; see, also, Seif v City of Long Beach, 286 NY 382; McDonald v Mayor of City of N. Y, 68 NY 23). Even though a promise to pay may be spelled out from the parties’ conduct, a contract between them may not be implied to provide 'rough justice’ and fasten liability on the State when applicable statutes expressly prohibit it (see Lutzken v City of Rochester, 7 AD2d 498). The result may seem unjust but any other rule would completely *775 frustrate statutes designed to protect the public from governmental misconduct or improvidence. The contractor’s option is to withhold his services unless an agreement is executed and approved as the statutes require.
"The Legislature has specified that contracts exceeding $5,000 shall not be effective unless first approved by the State Comptroller. Inasmuch as claimant’s contract was neither executed by the State nor approved by the Comptroller, he may not maintain an action on it" (64 NY2d, at 147, supra [emphasis supplied]).
We are of the opinion that the purposes of this statute would be frustrated were this court to rule the subject statute inapplicable in the case at bar.
Further, although not specifically addressed in the previously cited opinion regarding the application to late file, it is this court’s determination that the present action may not be maintained by the claimant because the determination not to approve her for entry into the third-year residency program was professional discretionary action on an academic appointment, a decision which the court should not review in the context of an action for damages. (See, e.g., Matter of Sofair v State Univ., 44 NY2d 475; Matter of Olsson v Board of Higher Educ., 49 NY2d 408; Matter of McIntosh v Borough of Manhattan Community Coll., 78 AD2d 839, affd 55 NY2d 913; Shields v School of Law of Hofstra Univ., 77 AD2d 867.) Indeed, the court is of the opinion that claimant should have first sought review in the context of an article 78 proceeding (see, e.g., Austin v Board of Higher Educ., 5 NY2d 430; cf., Matter of Hunter v Murray, 130 AD2d 836; Matter of Martinez v Downstate Med. Center, 113 AD2d 753, lv denied 69 NY2d 607).
The claim is dismissed.