■ JOANNE DiGIORGIO, Appellant, v HEMPSTEAD REALTY ASSOCIATES et al., Respondents. [609 NYS2d 12] —Order, Supreme Court, New York County (Carol Huff, J.), entered on or about January 28, 1993, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In this action for personal injury allegedly sustained as the result of a slip and fall on a wet portion on the floor in the area leading out of defendants' public restroom, plaintiff failed to raise a triable issue as to either defendants' creation of the condition or actual or constructive notice of its existence. Defendant M & O Enterprises' president denied actual knowledge of the condition, and plaintiff testified that she did not see the water on the floor when she entered the restroom and did not know how long it had been there, or how long the automatic hand dryers had been inoperable *(see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837). Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Tom, JJ.

■ ANASTASIA OTERO, Appellant, v CITY OF NEW YORK et al., Respondents. [609 NYS2d 13] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered December 29, 1992, which denied plaintiff's motion to vacate a prior order of the same court and Justice dismissing plaintiff's complaint for failure to prosecute, unanimously affirmed, without costs.

In the absence of an affidavit of merit, the IAS Court properly denied plaintiff's motion to vacate the prior order dismissing her complaint *(Palmieri v Romat Realty Corp.,* 45 AD2d 948). In view of plaintiff's attorney's actual knowledge of the vacatur of her note of issue prior to service of the 90 day notice, we reject plaintiff's contention that the prior order was obtained through "extrinsic fraud", thus obviating the need for an affidavit of merit. We have considered plaintiff's other arguments and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rosenberger, Asch and Tom, JJ.