■ NADEZHDA SOBOLEVA, Appellant, v PASHKO GOJCAJ et al., Respondents. [655 NYS2d 950] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered February 29, 1996, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff has failed to present evidence that defendants had actual or constructive notice of an alleged ice patch that caused her to slip and fall, let alone sufficient time to remedy that condition (*Simmons v Metropolitan Life Ins. Co.*, 84 NY2d 972, 973), or that her fall was caused by any act on the part of defendants creating or exacerbating that condition (*see, Bernstein v City of New York*, 69 NY2d 1020). Concur—Rosenberger, J. P., Wallach, Nardelli and Rubin, JJ.

■ In the Matter of PAUL F. GUIDA, Appellant, v NEW YORK CITY DEPARTMENT OF PERSONNEL et al., Respondents. [672 NYS2d 1] —Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered July 31, 1996, which, in a proceeding pursuant to CPLR article 78 challenging respondents' discharge of petitioner as a probationary police officer, granted respondents' motion to dismiss the petition for failure to state a cause of action, and bringing up for review pursuant to CPLR 5517 (b), an order of the same court and Justice, entered on or about October 2, 1996, which, upon renewal, adhered to the prior order, unanimously affirmed, without costs.

Judicial review of petitioner's discharge is limited to whether the discharge was made in bad faith (*Matter of Johnson v Katz*, 68 NY2d 649). The indisputable evidence that petitioner failed to meet the academic standards required of police recruits establishes that the discharge was made in good faith (*see, Matter of Tabone v Codd*, 54 AD2d 543; *Matter of Green v Murphy*, 41 AD2d 716). Nothing is alleged to justify judicial interference with respondents' evaluation of petitioner's academic performance (*see, Matter of Susan M. v New York Law School*, 76 NY2d 241, 245; *Matter of McIntosh v Borough of Manhattan Community Coll.*, 78 AD2d 839, *affd* 55 NY2d 913). Nor is an issue of bad faith raised by petitioner's allegation that he should have been held to the standards applicable to prior classes for which he claims to have been eligible but to which he was not admitted, or by his allegation that there was a revision of academic standards after his commencement of training. We have considered petitioner's other arguments and find them to be without merit. Concur—Rosenberger, J. P., Wallach, Nardelli and Rubin, JJ.