■ CINDY PHILLIPS et al., Appellants, v NORTHWAY MALL ASSOCIATES, Respondent. (And a Third-Party Action.) [662 NYS2d 856] —White, J. Appeal from an order of the Supreme Court (Keegan, J.), entered April 17, 1996 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

This negligence action arises out of an accident which occurred in the entrance of Northway Mall in the Town of Colonie, Albany County, on December 20, 1993. On that date, plaintiff Cindy Phillips (hereinafter plaintiff) was maneuvering her wheelchair through the entrance to the mall when her foot

became caught in a ripple in a carpet runner causing plaintiff to fall out of the wheelchair and injure herself. After the accident, plaintiff and her husband commenced this action against defendant, the owner of Northway Mall. After serving an answer, defendant moved for summary judgment dismissing the complaint. Supreme Court granted the motion and plaintiffs appeal.

We affirm. In order for a plaintiff to establish a prima facie case of negligence in a case such as this, "the plaintiff must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition" (*Bykofsky v Waldbaum's Supermarkets*, 210 AD2d 280, 281; *see, George v Ponderosa Steak House*, 221 AD2d 710, 711). Plaintiffs have not made either showing here.

While plaintiffs alleged in their bill of particulars that defendant was negligent "in failing to properly affix the carpet runner to the floor", there is no competent proof that defendant created a dangerous condition. Neither plaintiff nor the friend who accompanied her the day of the accident testified that defendant's employees caused the ripples in the carpet runner. Although defendant's general manager stated that defendant's maintenance personnel were responsible for maintaining the runner, he stated that the runner was not intended to be physically affixed to the floor, but rather was held flat by heavy rubber backing. The affidavit by plaintiffs' expert is also unenlightening insofar as he opined in a conclusory fashion, based solely upon his reading of the examination before trial testimony of various witnesses, that "had the mats * * * been properly laid on the floor, the condition described by [plaintiff] would not have occurred" (*see, Browne v Big V Supermarkets*, 188 AD2d 798, 799, *lv denied* 81 NY2d 708). We find that plaintiffs have failed to demonstrate that defendant created a dangerous condition.

Likewise, there is an absence of proof that defendant had actual or constructive notice of the condition of the runner. In order to constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). Once again, neither plaintiff nor her friend could testify as to the length of time the ripples existed in the runner. A security guard employed by defendant the day of the accident averred that he did not notice any ripples in the carpet runner prior to the accident while he was

on patrol. Absent proof of notice of the creation of a dangerous condition, summary judgment dismissing the complaint was properly granted.

Mikoll, J. P., Crew III, Casey and Spain, JJ., concur. Ordered that the order is affirmed, with costs.