■ EILEEN CAMPANELLA, Individually and as Administratrix of the Estate of SHIRLEY KAUFMAN, Deceased, Respondent, v MARSTAN PIZZA CORPORATION et al., Appellants, and 2575 CENTRAL AVENUE REALTY CORP. et al., Respondents. [720 NYS2d 501] —Order, Supreme Court, Bronx County (Joseph Giamboi, J.), entered May 1, 2000, which denied the Marstan defendants' cross-motion for summary judgment, unanimously reversed, on the law, without costs, the motion granted, and the complaint dismissed. The Clerk is directed to enter judgment in favor of the defendants-appellants dismissing the complaint as against them.

This is a slip and fall action arising from a claim that Shirley Kaufman, while accompanied by her daughter and administratrix, plaintiff Eileen Campanella, fell at the entrance to a restaurant when her foot caught on a runner in the vestibule. The testimony of the manager and co-owner of the restaurant was that he usually checks the condition of the vestibule every couple of hours, that he did so prior to this fall and that he saw no frayed or curled areas on the runner. While plaintiff submitted an affidavit asserting that she noticed the end of the runner was curled and that it appeared to her that the carpet had been rolled up and then back out as well as being weathered and old, Marstan met its burden of proof to establish a lack of actual notice. Marstan had received no complaints and its employee had observed no curling within a short time prior to the fall (*see, Strowman v Great Atl. & Pac. Tea Co.*, 252 AD2d 384). Plaintiff argues, however, that Marstan had constructive notice since the condition was visible and apparent and existed for a sufficient length of time prior to the accident to permit discovery and repair (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837). To establish constructive notice, plaintiff relies on the affidavit of a professional engineer who reviewed the deposition testimony and concluded that, with a reasonable degree of engineering certainty, it was likely that the runner had been curled up for a long period of time because

it had been improperly rolled and stored or, alternatively, because it was old, worn and dried. Since plaintiff's expert did not actually examine the runner, his observations are speculative and conclusory, incapable of forming the evidentiary basis upon which plaintiff can create a triable issue of fact (*Richardson-Dorn v Golub Corp.*, 252 AD2d 790, 791; *Wright v New York City Hous. Auth.*, 208 AD2d 327, 331). Assuming, as we must, the veracity of plaintiff's observation of the curled runner at the time of the fall, there is no evidence in the record as to how long the runner was in that condition and no evidence that an employee was in the immediate vicinity at the time the runner was in that condition. There are, therefore, no disputed issues of fact as to constructive notice and the entire complaint should have been dismissed on summary judgment (*see, Soboleva v Gojcaj*, 238 AD2d 170; *DiGiorgio v Hempstead Realty Assocs.*, 202 AD2d 332). Concur—Williams, J. P., Andrias, Lerner, Saxe and Buckley, JJ.