■ GRACE BUDD, Respondent, v GOTHAM HOUSE OWNERS CORP. et al., Appellants. [793 NYS2d 340]—

Order, Supreme Court, New York County (Walter B. Tolub, J.), entered November 5, 2004, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants dismissing the complaint.

On February 15, 2003 at 9:45 P.M., plaintiff slipped and fell on a carpet in the lobby of her apartment building. She alleged that defendants, the owner and the manager of the building, were negligent and that they had actual and/or constructive notice that this rug was frequently wrinkled and that its edges were often curled and raised. Plaintiff claimed that she was injured as a result of defendants' failure to maintain the rug in its proper condition.

Defendants moved for summary judgment. They cited excerpts from plaintiff's deposition, in which she testified that at 7:30 P.M. on the night of her accident, as she left the building, she saw no wrinkles in the carpet. Plaintiff had also stated that when she returned at 9:45 P.M., she did not notice that the carpet was bunched or wrinkled, and that it was not until after she fell that she saw a raised wrinkle in the rug. She further recounted that she had only noticed bumps in the carpet fabric "once or twice" in the 20 years that she lived in the building, and that she did not know of a single person who had fallen there. In support of their motion, defendants also submitted the deposition of the building superintendent and his affidavit. He testified that he had put the rug down either on the day of the incident or earlier in the week. In his affidavit he stated that he had observed the condition of the rug as of 8:30 P.M. on the night of the incident, and did not see any wrinkles.

In opposition to defendants' motion, plaintiff submitted an af-

fidavit in which she averred that the rug was wrinkled "on a regular basis." She also proffered the affidavit of a licensed professional engineer. He had inspected the rug on May 11, 2004, and opined that it was dangerous, because it "had a tendency to bunch up and ripple" creating a "tripping hazard." The IAS court denied defendants' motion, finding issues of fact as to whether defendants had constructive notice of a dangerous condition. We reverse.

Plaintiff failed to raise an issue of fact as to notice of the hazard sufficient to defeat defendants' motion (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]; *Chieffet v New York City Tr. Auth.*, 10 AD3d 526, 527 [2004]; *Phillips v Northway Mall Assoc.*, 243 AD2d 786 [1997]). She admitted at her deposition that, prior to her fall, she did not see any wrinkles in the rug. Her affidavit, which directly conflicted with her earlier deposition testimony, was of limited probative value. The expert affidavit was prepared more than a year after the accident and is devoid of any evidence that the rug was in the same condition when examined as it was on the night plaintiff was injured (*see Campanella v Marstan Pizza Corp.*, 280 AD2d 418, 419 [2001]). In sum, nothing submitted in opposition to the motion demonstrated that a hazardous condition was "visible and apparent and [existed] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon*, 67 NY2d at 837; *Penn v Fleet Bank*, 12 AD3d 584 [2004]; *Phillips*, 243 AD2d at 787). Concur—Mazzarelli, J.P., Sullivan, Williams, Gonzalez and Catterson, JJ.