In an action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Flug, J.), entered October 28, 2013, which, upon a jury verdict on the issue of liability, is in favor of the defendant and against them dismissing the complaint.
*928 Ordered that the judgment is affirmed, with costs.
On January 8, 2009, the plaintiffs’ decedent, Ecaterina Dragetescu, slipped and fell over an alleged defect on a step in a staircase leading down to a subway station. Dragetescu commenced this action against the New York City Transit Authority (hereinafter the Transit Authority) to recover damages for personal injuries she allegedly sustained, claiming, inter alia, negligent maintenance. Dragetescu died prior to the trial, and the co-administrators of her estate were substituted as the plaintiffs in this action. After a jury trial, the jury rendered a verdict finding that the Transit Authority was not liable because the subject staircase was “in [a] reasonably safe condition.” The plaintiffs appeal, contending that the jury verdict was contrary to the weight of the evidence.
A jury verdict should only be set aside as contrary to the weight of the evidence when the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 745 [1995]).
At the trial, the plaintiffs’ evidence consisted of photographs taken of the subject staircase 3x/2 months after the accident, testimony by Transit Authority employees that repairs to steps at the subject location were made almost a year prior to the incident, and portions of Dragetescu’s testimony from both the General Municipal Law § 50-h hearing and her deposition. Dragetescu testified that as she stepped on the third step, her “foot slipped and went down . . . something [was] missing from the stairs.” On one of the photographs admitted into evidence, Dragetescu had circled a spot marking the location where she allegedly slipped and fell, which depicted an irregularity on the bullnose, or beginning, of the step.
Upon the presentation of its case, the Transit Authority read into evidence excerpts of Dragetescu’s testimony from both the 50-h hearing and her deposition. In one of those excerpts, Dragetescu testified that the step was missing a “very little” piece, so small that she found no reason to go around it.
Photographs taken of the steps 3V2 months after the accident are not probative of the condition of the steps on the date of the accident (see Gilson v Metropolitan Opera, 15 AD3d 55, 59 [2005], affd 5 NY3d 574 [2005]; Machado v Clinton Hous. Dev. Co., Inc., 20 AD3d 307, 308 [2005]; Budd v Gotham House Owners Corp., 17 AD3d 122, 123 [2005]; McGarvey v Bank of N.Y., 7 AD3d 431, 432 [2004]). Moreover, there was no testimony that the pictures fairly and accurately depicted the condition of the steps at the time of Dragetescu’s accident. Accordingly, it was reasonable for the jury to determine that the repairs made at *929 the location almost a year earlier were unrelated to the condition complained of by Dragetescu and that no dangerous condition existed at the time of the accident based upon Dragetescu’s testimony regarding the extent of the alleged defect. Thus, in exercising our authority to review the weight of the evidence, we conclude that, contrary to the plaintiffs’ contention, there is no basis to disturb the jury’s determination.
The plaintiffs’ remaining contention is without merit.
Rivera, J.E, Chambers, Austin and Duffy, JJ., concur.