Clark, J.
Proceeding pursuant to CPLR article 78 (initiated in this Court) to review two orders of respondent, among other things, finding petitioners in contempt of court.
Petitioner Joy C. Higgins and her former spouse, Scott Pregont, were engaged in postdivorce proceedings to resolve issues of custody and visitation relating to their daughter. During the course of those proceedings, Suzanne Latimer was appointed, by court order, as the attorney for the child. In May 2014, petitioner Lance R. Hartwich notified Latimer that he represented both Higgins and the child in an unrelated civil matter against Pregont and that, “for the protection of the health and welfare” of the child, he was canceling her meeting with the child and would not permit them to meet “at any other time.” Latimer informed respondent, the Supreme Court Justice, of Hartwich’s letter, and respondent directed Hartwich, as well as the parties to the custody and visitation matter and their counsel, to appear in court to address the contentions set forth in Hartwich’s letter. Respondent specifically warned that it may impose sanctions if it found “a wil[l]ful violation of the order assigning . . . Latimer and/or intentional interference with her representation of her client.”[1] At the appearance, respondent heard testimony from Higgins and questioned Hartwich, as an officer of the court, regarding their refusal to allow Latimer to have contact with the child. Respondent also gave Hartwich and Higgins two weeks to provide additional submissions on the matter, an opportunity of which Hartwich ultimately availed himself.
Thereafter, respondent found petitioners in contempt of court. In particular, respondent determined that Higgins willfully violated the order appointing Latimer as the attorney for the child and its earlier admonition not to interfere with that order, and imposed a 30-day jail sentence, suspended on the condition that Higgins permit Latimer contact with the child and comply with all prior court orders. As to Hartwich, respondent determined that he “contumacious [ly] and intentional [ly] . . . violat[ed] a court order, . . . breached his ethical responsibilities by interviewing the [child]” without Latimer’s knowledge or consent and disregarded the rules of civility by making “unfounded” allegations against Latimer. Respondent directed Hartwich to pay a $5,000 “civil penalty/sanction[ ]” to the Lawyers’ Fund for Client Protection within 60 days and to, thereafter, provide it with proof of payment.
After 60 days had elapsed, respondent requested that *1338 Hartwich provide proof of his payment and, after Hartwich failed to respond, set the matter down for a hearing to determine whether Hartwich had willfully violated its prior order of contempt. Respondent denied Hartwich’s subsequent requests to cancel the hearing. Hartwich ultimately failed to appear at the hearing, and respondent determined that he had willfully violated its order, imposed a 15-day jail sentence, suspended for 30 days to allow him to make the previously-ordered payment, and directed him to pay a $500 sanction for his failure to appear (see 22 NYCRR 130-2.1).[2] Petitioners then commenced this CPLR article 78 proceeding seeking to vacate the orders of contempt.[3] This Court denied respondent’s subsequent motion to dismiss, without prejudice. We now dismiss the petition.
“Except where otherwise provided by law, [a CPLR article 78 proceeding] shall not be used to challenge a determination . . . which was made in a civil action . . . unless it is an order summarily punishing a contempt committed in the presence of the court” (CPLR 7801 [2]; accord Matter of Loeber v Teresi, 256 AD2d 747, 749 [1998]). In other words, a CPLR article 78 proceeding is an appropriate vehicle for review of an order of contempt when the conduct giving rise to the contempt occurred “in the immediate view of the court” and, as a result, the court summarily punished the contemnor (Matter of Silver v Hannah, 37 AD2d 949, 949 [1971]; see Matter of Kelly v Kelly, 34 AD3d 809, 809 [2006]; Matter of Shockome v Shockome, 30 AD3d 529, 530 [2006]). However, relief under CPLR article 78 is not available where the misconduct occurred outside the presence of the court, the finding of contempt was “made after due warning upon a record adequate for appellate review” and the contemnor was afforded “an opportunity to purge himself [or herself] of the contempt” (Matter of Hunter v Murray, 130 AD2d 836, 838 [1987], appeal dismissed 70 NY2d 746 [1987], appeal dismissed and cert denied 484 US 1038 [1988]; see Matter of Silver v Hannah, 37 AD2d at 949). In such cases, the contemnor must challenge the order of contempt by way of a direct appeal (see Matter of Silver v Hannah, 37 AD2d at 949).
The record clearly reflects that the conduct forming the basis *1339 for the contempt findings occurred outside respondent’s presence, and that the findings were made after due warning to petitioners and after petitioners were afforded ample opportunities to purge the contempt. Accordingly, as the orders appealed from are properly reviewable by direct appeal, this CPLR article 78 proceeding must be dismissed (see id.; see generally Matter of Morgenthau v Roberts, 65 NY2d 749, 751 [1985]; compare Matter of Shockome v Shockome, 30 AD3d at 529). In light of our determination, we need not address petitioners’ arguments or respondent’s alternative grounds for dismissal.
Garry, J.P., Egan Jr., Lynch and Mulvey, JJ., concur.
Adjudged that the petition is dismissed, without costs.

. Respondent also advised Hartwich of his right to appear with counsel to protect his interests.

. Respondent also noted that petitioners had not made an application, in either Supreme Court or the Appellate Division, to stay enforcement of the first order of contempt.

. Petitioners filed a notice of appeal from the first contempt order, but failed to perfect that appeal, thereby abandoning it (see 22 NYCRR 800.12; Goodfriend v Village of Jeffersonville, 122 AD3d 1184, 1184 n [2014], lv denied 25 NY3d 901 [2015]). Hartwich did not appeal from the second order of contempt.