Jasen, J.
 

 This appeal involves the question of whether petitioner, a probationary teacher, established a prima facie case that tenure was denied him in violation of his constitutional rights of freedom of speech and association.
 

 Petitioner, Leonard Bergstein, was hired by respondent Ossining School Board in June, 1968, as a probationary teacher, to teach a social studies course. He remained in that untenured position for the next three academic years. On August 16,1971, he was denied tenure by the respondent school board pursuant to section 3012 of the Education Law.
 

 Thereafter, the petitioner brought this article 78 proceeding to review the school board’s determination denying him tenure, alleging that the decision by the board to terminate his employment as a teacher was made in violation of the First and Fourteenth Amendments of the United States Constitution. Specifically, petitioner claimed that he was denied tenure for the following reasons, to wit: that he attended ‘ ‘ a peaceful political rally taking place at other than school hours that he made “ available to his students, as optional reading material, integrated into the regular Social Studies curriculum, regarding the United States Constitution, a pamphlet explaining student rights under the First Amendment of the United States Constitution ”; that he wore “ a western-style hat between his place of residence and his place of employment ’ ’; and because he was
 
 “
 
 a member of the Jewish Race and Religion, active in liberal political causes ”.
 

 
 *322
 
 After a hearing, Special Term dismissed the petition, holding, in effect, that petitioner failed to establish a prima facie case. The court found that “ [n]o witness produced on behalf of the petitioner has testified that any of those board members who voted against tenure had ever stated, in word or substance, or otherwise indicated, that the reason petitioner was denied tenure was because of either his political philosophy, his racial attitudes, his religious beliefs or his choice of attire.”
 

 The Appellate Division held that Special Term had relied upon hearsay statements in determining that the board members had not based their denial of tenure on constitutionally impermissible grounds and, accordingly, ordered a new hearing “ at which the respondent board shall have an opportunity to produce legal and competent evidence to establish that tenure was not denied for impermissible reasons ”.
 

 We conclude that the petitioner failed to substantiate his allegations of constitutional deprivation and, thus, the order appealed from should be reversed.
 

 Preliminarily, it should be noted that a school board may deny tenure to a probationary teacher without affording the teacher a hearing and without stating any reasons for its action.
 
 (Matter of High
 
 v.
 
 Board of Educ.,
 
 169 Misc. 98, affd. 256 App. Div. 1074, affd. 281 N. Y. 815;
 
 Matter of Tischler
 
 v.
 
 Board of Educ.,
 
 37 A D 2d 261;
 
 Matter of Pinto
 
 v.
 
 Wynstra,
 
 22 A D 2d 914.) The purpose of this rule is to afford the school board broad discretion in determining whether or not to grant tenure to a probationary teacher.
 
 (Matter of Tischler
 
 v.
 
 Board of Educ., supra,
 
 at p. 263;
 
 Matter of McMaster
 
 v.
 
 Owens,
 
 275 App. Div. 506.) As broad as the board’s discretion may be, however, it is also the rule that a school board may not deny tenure to retaliate for a teacher’s exercise of his constitutional rights of free speech and association.
 
 (Board of Regents
 
 v.
 
 Roth,
 
 408 U. S. 564;
 
 Perry
 
 v.
 
 Sindermann,
 
 408 U. S. 593;
 
 Pickering
 
 v.
 
 Board of Educ.,
 
 391 U. S. 563;
 
 Matter of Tischler
 
 v.
 
 Board of Educ., supra.)
 
 Thus, in alleging that tenure was denied because he exercised certain rights guaranteed him by the Constitution, the petitioner had framed a viable cause of action. Having set out a good cause of action, petitioner was then required to come forward at the hearing and establish his allegations, by more than mere averments in the petition, that the decision to deny
 
 *323
 
 him tenure was, in fact, based on his free speech activities, race or religion.
 
 (Board of Regents
 
 v.
 
 Roth, supra,
 
 at pp. 574-575.) This, we agree with Special Term, the petitioner failed to do, and, hence, the petition was properly dismissed. On the evidence presented, there is no support for the contentions of the petitioner that the school board denied him tenure for unconstitutional reasons.
 

 Quite apart from our conclusion that the petitioner failed to meet the burden of proof in establishing constitutional deprivation, we are of the view that the Appellate Division, in remanding the proceeding for a new hearing to require the board
 
 “
 
 to produce legal and competent evidence to establish that tenure was not denied for impermissible reasons
 
 ”,
 
 improperly shifted the burden of proof from the petitioner to the board on the issue of constitutional deprivation. "While constitutional deprivation must be remedied, the aggrieved petitioner in such cases is required to bear the burden of producing legal and competent evidence to show the deprivation of his rights. The petitioner in alleging that he has been dismissed for constitutionally impermissible reasons had the burden of proving that a wrong has been done by the board in denying him tenure.
 
 (Fluker
 
 v.
 
 Alabama State Bd. of Educ.,
 
 441 F. 2d 201, 205.) It was not incumbent upon the board to show that its reasons for denying tenure to petitioner were proper; it was for the petitioner to prove that the reasons for denying tenure were improper.
 

 This brings us to the question of whether the statements relied upon by some of the members of the board, as to the reason they voted against tenure for the petitioner, were hearsay. The Appellate Division was of the opinion that they were. We disagree. Several board members took the stand and, in response to inquiries as to their reasons for voting to deny tenure, replied that they based their votes in part on statements about petitioner made to them by others. For example, some board members testified that they had heard that the petitioner was undermining the authority and discipline at the school, that he had exhibited insolence, disrespect and lack of judgment on a number of occasions, that he had failed to follow lesson plans, that the school principal had withdrawn his recommendation for tenure, and that the petitioner had “ roving hands ”. The truth of the out-of-court statements which the
 
 *324
 
 board members relied upon was not at issue at the trial. What was at issue was the reason for their votes, and as to that, the out-of-court statements tended to establish the members’ state of mind at the time they cast their votes. The truth or falsity of those statements was irrelevant for that purpose. It is a well-settled rule that where a witness’ state of mind is relevant, the. witness may testify to out-of-court statements made by others which would indicate circumstantially what the witness believed at that time.
 
 (Ferrara
 
 v. Galluchio, 5 N Y 2d 16;
 
 Provenzo
 
 v.
 
 Sam,,
 
 23 N Y 2d 256.) Such testimony has been referred to as an “ apparent exception ” to the hearsay rule. (Richardson, Evidence [10th ed.], § 205.) The description is accurate for upon analysis it can be seen that such out-of-court statements are not offered assertively — that is, to prove the truth of the matter asserted in those statements — and, thus, are not hearsay at all.
 

 The order appealed from should be reversed, without costs, and the judgment of Supreme Court, Westchester County, dismissing the petition should be reinstated.
 

 Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Stevens concur; Judge Rabin taking no part.
 

 Order reversed, etc.