Memorandum. The order of the Appellate Division should be affirmed.
*639 On October 24, 1969, petitioner was appointed a Patrolman of the New York City Police Department for a probationary term of one year. On September 3, 1970, during evaluation of injuries received in the line of duty, a department surgeon found an old ununited wrist fracture and, in a memorandum to the chief surgeon, referred petitioner for orthopedic consultation and for the opinion of the chief surgeon as to petitioner’s appointment as patrolman. Later that month, the chief surgeon recommended termination of services, it being stated that X rays revealed the fracture with nonunion and sclerosis and that "[i]t is likely that on full use, and even with minor injury that his wrist will become symptomatic at'some time in the future.” By notice, petitioner was advised that his employment would be terminated at the end of his probationary period, "your capacity having been unsatisfactory to the Police Commissioner.”
On the return of the petition, Special Term ordered a trial, in the course of which it was stipulated that the matter be remanded by the court to the Police Commissioner for reconsideration. Upon remittal, the commissioner adhered to his earlier determination.
The employment of a probationary appointee may be terminated at the end of the probationary term without a hearing and without reasons being stated and, in the absence of any allegation or demonstration that the termination was because of constitutionally impermissible reasons or prohibited by statute or policies established by decisional law, courts will not interfere with the discretion of the appointing officer unless the action complained of was arbitrary and capricious (Matter of Bergstein v Board of Educ., Union Free School Dist. No. 1 of Towns of Ossining, New Castle & Yorktown, 34 NY2d 318, 322-323; Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 230-231; Matter of Gordon v State Univ. of N. Y. at Buffalo, 35 AD2d 868, affd 29 NY2d 684; Matter of Going v Kennedy, 5 AD2d 173, 176, affd 5 NY2d 900; see Matter of Delicati v Schechter, 3 AD2d 19). Despite conflicting medical opinions as to the advisability of permanent appointment, there was a rational basis for the determinations of respondent Police Commissioner and, accordingly, the action taken was neither arbitrary nor capricious (cf. Matter of Farrell v New York City Police Dept., 37 NY2d 843).
*640 It should be noted that, contrary to the inference raised in the dissent at the Appellate Division, the reason ascribed for the termination did not stigmatize petitioner or constitute a deprivation of liberty (cf. Russell v Hodges, 470 F2d 212, 217).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order affirmed, with costs, in a memorandum.