■ In the Matter of DEVON WILBORN et al., Appellants-Respondents, v ROGER STARR et al., Respondents-Appellants.—Judgment of the Supreme Court, New York County, entered after a nonjury trial in the office of the clerk on May 13, 1977, is modified on the law, to the extent that it directed that each of the 12 petitioners be subjected to an additional three-month probationary period, and judgment is directed to be entered reinstating petitioners as repair crew workers and otherwise affirmed, without costs and without disbursements. Following the receipt of evaluations by superiors, petitioners, while working as probationers, were discharged for "unsatisfactory service". A probationer may be dismissed at the end of the usual probationary period, without charges and without a hearing and without reasons stated. The only limitation is that the determination to dismiss must not have been arbitrary and capricious. In such circumstances, the dismissal is subject to attack (Matter of Howard v Kross, 24 Misc 2d 973). The issue at trial below was whether or not the city had acted in good faith in discharging petitioners . Special Term observed "that the persons who did evaluate the petitioners also were in no position to know whether the petitioner [sic] performed satisfactorily" and found "that as to those pe-

titioners of whose work the evaluators had no knowledge, the preparation of evaluations were tantamount to bad faith". The discharges of petitioners followed these baseless judgments. Such discharges, therefore, cannot be considered other than arbitrary. If the said evaluations had not intervened, it is undisputed that petitioners would have achieved permanent status. In these circumstances, it was an improvident exercise of discretion for Special Term to impose an additional probationary period of three months for each of said petitioners. We find that the discharge of petitioner Lyles was based upon a proper evaluation of his record of tardiness and absenteeism. We note that petitioner Diaz has not appealed from his dismissal. Concur—Lupiano, Birns and Capozzoli, JJ.; Kupferman, J. P., dissents in part in the following memorandum: I would affirm on the opinion of Baer, J., at Special Term, with the caveat, which counsel for the city at the oral argument recognized as appropriate, that the issue being good faith, it is incumbent upon the city during the extended term to make a proper and knowledgeable evaluation.