OPINION OF THE COURT
Burton S. Sherman, J.
Petitioner, an employee of the New York Human Resources Administration, seeks in this CPLR article 78 proceeding to have his demotion to the position of office associate III rescinded and be restored to the position of principal administrative associate I and seeks other incidental relief in keeping with the aforesaid.
The petitioner began his employment in August, 1981 in the position of principal administrative associate I as a probationary employee. He was demoted to his present position in May, 1982 within the one-year probationary period. (Rules and Regulations of the New York City Department of Personnel, § 5.2.1.) Petitioner’s initial evaluation in December, 1981 was satisfactory. However, his second evaluation dated in May, 1982 indicates that his work was considered unsatisfactory. While petitioner strongly disputes this, it is not the function of this court to determine whether his work was satisfactory or not, but to determine whether there was a reasonable basis for the *228 respondent to so find. The court concludes there was. For, with respect to a probationary employee, the appointing officer must only act in good faith in terminating the employment. This is simply another way of stating that the action of the employer must not be arbitrary or capricious. (Matter of Talamo v Murphy, 38 NY2d 637; Matter of Bergstein v Board of Educ., 34 NY2d 318; Matter of Wilborn v Starr, 58 AD2d 785.) In this case not only was there an affirmative showing of reasonableness on the part of the respondent but the petitioner has failed to sustain his burden of proof of an issue of bad faith unrelated to job performance. (Haberman v Codd, 48 AD2d 505.) The mere unsubstantiated claim of “scapegoat” for unsatisfactory office performance and religious prejudice is insufficient as a matter of law to raise an issue of bad faith.
The petition finally argues that he did not receive an evaluation of his performance every three months during the probationary period and therefore he did not have a fair opportunity to demonstrate his ability. Paragraph 7.5.6 of section 5 of the Rules and Regulations of the New York City Department of Personnel states in part: “(a) Interim evaluations shall be made for sub-managerial probationary employees at least every three months and a final report shall be made at the end of the probationary period. Each interim evaluation shall contain a recommendation that the probationary employee either be retained for an additional three-months period or terminated from the position”.
The purpose of this section is to aid the employer in its evaluation of the employee and to aid a probationary employee to demonstrate ability to perform duties by giving a periodic evaluation so he or she might see mistakes and strengths and govern oneself accordingly. However, when this section is read in conjunction with section 5.2.7 of the Rules and Regulations of the City Personnel Director, it becomes clear that a failure to comply with paragraph 7.5.6 of section 5 does not prevent the respondent from terminating probationary employment. For section 5.2.7 of the rules clearly states that the petitioner, as a probationer, could have been terminated at any time after four months. It does not require that a probationary em *229 ployee be given four evaluations before his position is terminated. In short, a failure to comply with paragraph 7.5.6 of section 5 of the rules cannot be used as a sine qua non or cause for reinstatement. At best, it can only be used as some evidence of bad faith on the part of the respondent in terminating employment. In this case, there is no indication that the respondent acted arbitrarily in failing to furnish periodic evaluations to petitioner. The uncontroverted facts are clear that the petitioner on many occasions after December, 1981 was counseled, advised, warned, directed and given opportunity to perform his work in a manner which his employer considered to be satisfactory.
Finally, there is no need shown for a due process hearing in this case. (Board of Regents v Roth, 408 US 564; Bishop v Wood, 426 US 341; Paul v Davis, 424 US 693; Russell v Hodges, 470 F2d 212.)
The petition is dismissed.