■ In the Matter of ROBERT J. ROLLICK, Respondent, v GORDON M. AMBACH, as Commissioner of the New York State Department of Education, et al., Appellants. — Appeal from a judgment of the Supreme Court at Special Term (Torraca, J.), entered March 11, 1983 in Albany County, which granted petitioner's application, in a proceeding pursuant to CPLR article 78, for reinstatement to his position as a campus security officer with respondent State University of New York at Stony Brook. Although his supervisors rated his job performance during probationary periods as a campus security officer as "excellent", petitioner, a July, 1981 appointee at the State University of New York at Stony Brook, was terminated upon direct order of the director of the Department of Public Safety. Special Term granted petitioner's CPLR article 78 petition to annul the determination as arbitrary, finding that it had been made with little, if any, knowledge or information upon which to base a rational conclusion that petitioner was not suitable for the position, and ordered reinstatement. On this appeal, respondents correctly argue that the final decision on whether to discharge a probationary employee without a hearing, charges, or specific reasons rests with the director (see *Matter of De Milio v Borghard,* 55 NY2d 216, 221; see, also, *Matter of Lentlie v Egan,* 94 AD2d 839). This well-recognized principle applies unless a question of the director's bad faith is sufficiently raised, in which event a hearing is required (*Matter of Perry v Blair,* 49 AD2d 309, 313; *Matter of Reeves v Golar,* 45 AD2d 163, 165; see *Matter of Wilborn v Starr,* 58 AD2d 785). Judicial review is limited to an examination of whether the record demonstrates support for

petitioner's allegation that the determination was made in bad faith and is therefore arbitrary and capricious (*Matter of Talamo v Murphy,* 38 NY2d 637, 639). Examination of the instant record discloses circumstances which persuade us that a hearing is required in this case. Petitioner had been exonerated of any alleged misconduct in both of the incidents relied upon by the director. The third incident, involving an alleged after-the-fact breach of the rule prohibiting possession of a firearm on campus, did not surface until after the date of the termination notice and can hardly be relied upon. Moreover, the director ordered petitioner's immediate supervisor to change his job performance evaluation from "outstanding" to "excellent" without stated reasons. The supervisor himself raises a question of the director's motivation in an affidavit reciting retaliation against the supervisor for giving a favorable memorandum to petitioner. These circumstances prevailing, Special Term should have ordered a plenary hearing for the purpose of determining whether the discharge was motivated by bad faith or was made on the basis of job performance. Since petitioner failed to show that he has been stigmatized or that adverse recommendations have been made to future employers, there is no entitlement to a name-clearing hearing (see *Matter of Lentlie v Egan,* 94 AD2d 839, *supra; Matter of Carter v Murphy,* 80 AD2d 960, 961). Judgment modified, on the law and the facts, by deleting so much thereof as ordered petitioner reinstated, matter remitted to Special Term for a hearing and determination on the question of whether respondents' determination was made in bad faith and lacked a rational basis, and, as so modified, affirmed, without costs. Kane, J. P., Main, Casey, Weiss and Levine, JJ., concur.