■ In the Matter of VIRGINIA INTEMANN, Respondent, v COUNTY OF HAMILTON et al., Appellants.—Kane, J. P. Appeal from an order of the Supreme Court (Walsh, Jr., J.), entered September 25, 1986 in Fulton County and October 9, 1986 in Hamilton County, which, *inter alia,* in a proceeding pursuant to CPLR article 78, granted petitioner leave to request a nonjury trial of factual issues purportedly raised.

Petitioner was employed as a nurse by respondent County of Hamilton. Her employment was probationary in the noncompetitive class when, on February 21, 1986, she was suspended without pay from her job for a five-day period on the ground that her conduct at work was disruptive. Petitioner, however, failed to return to work on February 28, 1986 after the completion of her suspension. On March 6, 1986, petitioner had still failed to report back to work and was notified on that date that her employment was terminated effective March 14, 1986. Petitioner subsequently commenced the present CPLR article 78 proceeding seeking back pay and reinstatement. Respondents answered and promptly moved for summary judgment dismissing the petition on the ground that petitioner was a probationary employee in the noncompetitive class and, as such, was properly terminated. Supreme Court agreed with respondents that petitioner was a probationary employee in the noncompetitive class.* However, Supreme Court stated that if petitioner desired a trial on the issue of bad faith, she was entitled to one. Supreme Court's order therefore granted petitioner 10 days in which to demand a trial on the issue of bad faith. In due course, petitioner demanded a trial and respondents filed a notice of appeal.

Initially, we note that respondents do not have an appeal as of right (CPLR 5701 [b] [1]). Respondents' proper method of seeking review was to have sought permission to appeal (CPLR 5701 [c]). Nevertheless, in view of petitioner's failure to move to dismiss the appeal on this ground, and the issue presented, the case is an appropriate one for us to grant permission to appeal *sua sponte (see, Matter of Swartz v Wallace,* 87 AD2d 926, 927).

Turning to the merits, we reverse. A review of the record reveals that petitioner has wholly failed to demonstrate the

---

* It should be noted that petitioner based her petition largely upon the allegation that she was not a probationary employee. Petitioner, however, has not sought to appeal from that part of Supreme Court's order which determined her to be a probationary employee. In her brief, petitioner concedes that she was a probationary employee.

existence of an issue concerning bad faith. Indeed, petitioner fails to specifically allege bad faith. Rather, respondents have demonstrated that petitioner was discharged because of her inappropriate disruptive emotional behavior and her failure to return to work following her five-day suspension. The petition should therefore be dismissed *(see, Matter of Johnson v Katz,* 68 NY2d 649, 650).

Order reversed, on the law, without costs, motion granted and petition dismissed. Kane, J. P., Main, Casey, Weiss and Mikoll, JJ., concur.