■ SANDRA YERG, Respondent, v BOARD OF EDUCATION OF THE NYACK UNION FREE SCHOOL DISTRICT et al., Appellants.— In an action to recover damages for negligence and prima facie tort, the defendants appeal from an order of the Supreme Court, Rockland County (Meehan, J.), dated January 7, 1987, which denied the motion for summary judgment based upon their contention that the action was barred pursuant to the doctrine of res judicata.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

In September 1980 the plaintiff was appointed to a probationary position as an English teacher in the Nyack Junior High School. She was to serve a three-year probationary period. In April 1983, the plaintiff was notified that she would not be recommended for tenure. Thereafter, on May 24, 1983, the plaintiff was denied tenure by the defendant Board of Education of the Nyack Union Free School District.

In June 1983 the plaintiff commenced a proceeding seeking reinstatement to her former position with tenure status. This proceeding was dismissed by judgment dated August 17, 1983, which was affirmed on appeal by this court *(see, Matter of Yerg v Board of Educ.,* 105 AD2d 1166).

The plaintiff also commenced an action in June 1983 seek-

ing declaratory relief and damages for the alleged violation of her civil rights arising out of the denial of tenure and termination of employment. By order dated April 15, 1986, the defendants were granted summary judgment on the ground that the prior dismissal of the proceeding pursuant to CPLR article 78 was res judicata.

On or about October 13, 1983, the plaintiff commenced the instant action against the same defendants sounding in negligence and prima facie tort. The first cause of action alleges that the plaintiff "sustained damage to her good name, reputation and property" as a result of the defendants' negligence in failing to adopt proper standards to evaluate the plaintiff's performance. The second cause of action alleges that the defendants breached their duty "under law to supervise, inform and otherwise advise probationary employees, including [plaintiff] regarding their performance as educational employees recommendable for tenure". The third cause of action alleges a prima facie tort, namely, that the defendants denied the plaintiff tenure and terminated her employment "with intention to harm [her] without excuse or justification".

The defendants moved for summary judgment dismissing the complaint as barred pursuant to the doctrine of res judicata. The Supreme Court denied the motion on the ground that the issues raised in this action were not determined in the prior proceeding and prior action. We disagree with this determination and conclude that the action is barred pursuant to the doctrine of res judicata.

New York has adopted the transactional analysis approach in deciding res judicata issues (see, *O'Brien v City of Syracuse*, 54 NY2d 353; *Smith v Russell Sage Coll.*, 54 NY2d 185, *rearg denied* 55 NY2d 878; *Matter of Reilly v Reid*, 45 NY2d 24). Under this doctrine, "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy" (*O'Brien v City of Syracuse, supra,* at 357). "When alternative theories are available to recover what is essentially the same relief for harm arising out of the same or related facts such as would constitute a single 'factual grouping' * * * the circumstance that the theories involve materially different elements of proof will not justify presenting the claim by two different actions" (*O'Brien v City of Syracuse,* at 357-358).

Applying these principles here, it is clear that the relief sought in this action is essentially the same as that sought in

the proceeding pursuant to CPLR article 78. Both were predicated on the denial of tenure to the plaintiff and the termination of her employment. Consequently, the instant action is barred pursuant to the doctrine of res judicata *(see, Pauk v Board of Trustees,* 111 AD2d 17, *affd* 68 NY2d 702). Kunzeman, J. P., Kooper, Sullivan and Ballétta, JJ., concur.