Serge B. **RAMEAU**, Plaintiff,

v.

**NEW YORK STATE DEP'T OF HEALTH, et al., Defendants.**

**No. 88 Civ. 2780 (JES).**

United States District Court, S.D. New York.

July 10, 1990.

---

BLS Legal Services Corp., Federal Litigation Program, Brooklyn, N.Y. (Gregory Katz, James Castro–Blanco, Legal Interns, Minna J. Kotkin, Supervising Atty., of counsel), for plaintiff.

Attorney Gen. of the State of N.Y., New York City (Judith E. Kaufman, Asst. Atty. Gen., of counsel), for defendants.

## OPINION AND ORDER

SPRIZZO, District Judge.

Plaintiff, Serge B. Rameau, brings this action for racial discrimination in connection with his employment pursuant to 42 U.S.C. §§ 1981 & 1983 (1982), Title VII, *see* 42 U.S.C. §§ 2000e *et seq.* (1982), and the Fifth and Fourteenth Amendments of the United States Constitution. The defendants are, *inter alia,* the New York State Department of Health, plaintiff's former employer, and several of plaintiff's supervisors (collectively the "Department"). In his amended complaint, plaintiff alleges that "defendants intentionally subjected plaintiff to harassment and discrimination on the basis of his color," *see* Amended Complaint ("Federal Complaint") at ¶ 41, and that the "defendants' harassment and termination of plaintiff was in retaliation for plaintiff's objecting to racially biased conduct on the part of defendants and for filing a complaint with the New York Division of Human Rights and the Equal Employment Opportunity Commission." *Id.* at ¶ 42. Plaintiff seeks a declaratory judgment, reinstatement with back pay, and compensatory and punitive damages. *See id.* at 11.

Defendants have moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c), claiming that the Federal Complaint is barred under the doctrine of collateral estoppel. For the reasons set forth herein,

the motion is granted in part and denied in part.

## BACKGROUND

According to plaintiff's complaint, plaintiff began employment in the Department's Office of Professional Medical Conduct ("OPMC"), which is located in New York City, as a probationary medical conduct investigator on February 10, 1986. *See* Federal Complaint at ¶ 12. Plaintiff objected to his first probation evaluation report, issued in April 1986, claiming that it was racially biased. *See id.* at ¶ 16. At about the same time, however, plaintiff requested and was granted a twelve-month leave of absence from the OPMC so that he could accept a position with the New York Office of Mental Retardation and Development Disabilities. *See id.* at ¶¶ 12, 13.

In April 1987, plaintiff applied to the OPMC for reappointment to his former position. His request was granted but plaintiff was told to report to OPMC's Albany office. Plaintiff objected and was eventually assigned to the New York City office. *See id.* at ¶ 18–24. Upon his return to the OPMC, plaintiff was subjected to racially motivated harassment by his supervisors, *see id.* at ¶ 27, and on April 30, 1987, he filed a discrimination complaint with the New York Division of Human Rights ("DHR"). *See id.* at ¶ 29. That complaint was subsequently transferred, at plaintiff's request, to the New York district office of the Equal Employment Opportunity Commission ("EEOC"). *See id.* at ¶ 32. Plaintiff's employment was terminated effective November 11, 1987, and the EEOC issued a right to sue letter on January 15, 1988. *See id.* at ¶ 40.[1]

On March 1, 1988, plaintiff filed a petition pursuant to Article 78 of the New York Civil Practice Law & Rules, *see* N.Y. C.P.L.R. § 7801 *et seq.*, against the Department and the OPMC in New York State Supreme Court seeking reinstatement with back pay. *See* Notice of Petition (annexed as Ex. A to Defendant's Notice of Motion For Judgment on the Pleadings ("Notice of Motion")). The petition contained claims that his termination was unlawful under the New York State Civil Service Law, *see id.* at ¶ 54, was arbitrary, capricious and unlawful because it was made in bad faith, *see id.* at ¶ 55, was motivated by racial and ethnic bias, *see id.* at ¶ 56, and was in retaliation for his filing of the DHR complaint. *See id.* at ¶ 57. Plaintiff then commenced the present federal action on April 7, 1988. An examination of the Federal Complaint and the state petition reveals that the factual allegations of both are virtually identical.

In an opinion dated December 30, 1988, the state court dismissed the petition. *See* Decision dated Dec. 30, 1988 (annexed as Ex. 2 to Notice of Motion). The state court explained that "[j]udicial review of an administrative determination to dismiss a probationary employee is limited to inquiry as to whether it was made in bad faith, was arbitrary or capricious." *Id.* at 6. The court found that the record did not reflect bad faith. Rather, the "[a]lleged instances of discrimination and harassment [were] refuted by the persons against whom the allegations are made and have no evidentiary support," and "that the respondent's decision to discharge the petitioner was based upon his unsatisfactory performance and was made in good faith." *Id.* Plaintiff did not appeal this decision.

## DISCUSSION

■■■ The preclusive effect of a New York State Court judgment in a subsequent federal action is determined in accordance with New York law. *See* 28 U.S.C. § 1738 (1988); *Migra v. Warren City Sch. Dist.*, 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984). Moreover, although a judgment in a prior Article 78 proceeding is not a bar to a subsequent federal civil rights action[2], the federal plaintiff is pre-

---

1. The Federal Complaint does not allege whether the EEOC found reasonable cause to believe the truth of plaintiff's allegations.

2. The doctrine of claim preclusion, which bars relitigation of causes of actions, does not apply *where the initial forum did not have the power to award the full measure of relief sought in the subsequent litigation. See Davidson v. Capua-*

cluded from relitigating issues that were fully and fairly litigated and necessarily determined in the Article 78 proceeding. *See Davis v. Halpern*, 813 F.2d 37, 39 (2d Cir.1987); *Halyalkar v. Board of Regents*, 72 N.Y.2d 261, 266, 527 N.E.2d 1222, 1224, 532 N.Y.S.2d 85, 87 (1988).

■ In this case, the issue presented to the state court was whether plaintiff's termination was improper as a matter of state law. Under New York law, a probationary employee may be dismissed without either a hearing or a statement of reasons, *see Bergstein v. Board of Education*, 34 N.Y.2d 318, 322, 313 N.E.2d 767, 768–69, 357 N.Y.S.2d 465, 467–68 (1974); *Venes v. Community Sch. Board*, 43 N.Y.2d 520, 525, 373 N.E.2d 987, 989–90, 402 N.Y.S.2d 807, 810 (1978), unless the dismissal was arbitrary or capricious, in bad faith, or in violation of public policy. *See Bergstein, supra,* 34 N.Y.2d at 322, 313 N.E.2d at 768–69, 357 N.Y.S.2d at 467–68; *see also Talamo v. Murphy,* 38 N.Y.2d 637, 639, 345 N.E.2d 546, 547, 382 N.Y.S.2d 3, 4 (1976). Accordingly, even a probationary employee may not be dismissed for racial or ethnic reasons. *See Bergstein, supra,* 34 N.Y.2d at 322, 313 N.E.2d at 768–69, 357 N.Y.S.2d at 467–68 (1974). Nevertheless, a plaintiff still must establish his allegations of discrimination by more than mere conclusory allegations. *See id.; see also gen-*

*erally Wilson v. Macchiarola,* 79 A.D.2d 638, 640, 433 N.Y.S.2d 814, 817 (2d Dep't 1980).

■ In the Article 78 proceeding, the plaintiff claimed that his dismissal was arbitrary, capricious, unlawful and made in bad faith *because* it was based on racial and ethnic discrimination. Had the state court found that the allegations of discrimination were supported by the facts it could not have found that plaintiff was properly discharged. Therefore, the finding that plaintiff's dismissal was not based on race or ethnicity was essential to the state court's holding and that claim therefore cannot be relitigated here.[3]

This conclusion is in no way affected by the circumstance that the state court made an alternative finding that plaintiff was properly discharged because of his unsatisfactory performance. *See Winters, supra,* 574 F.2d at 63–66. That finding, unlike the conclusion that plaintiff was not the victim of racial discrimination, was not even essential to the state court's decision, since, absent discrimination, the employer could have discharged plaintiff for any reason or no reason at all. *See Venes, supra,* 43 N.Y.2d at 525, 373 N.E.2d at 989–90, 402 N.Y.S.2d at 810.

Accordingly, all claims in the Federal Complaint founded upon allegations that

*no,* 792 F.2d 275, 278 (2d Cir.1986). Since damages for civil rights violations are not recoverable in an Article 78 proceeding, a judgment resulting from such a proceeding will not bar a subsequent federal action seeking that relief. *See id.* at 278–79.

**3.** The Court is not persuaded by plaintiff's claim that he was denied a full and fair opportunity to litigate his discrimination claim in the Article 78 proceeding. *See Kirkland v. City of Peekskill,* 828 F.2d 104, 108 (2d Cir.1987) (burden of persuasion on this issue is on opponent of preclusion). The only support for this argument is the conclusory statement in plaintiff's brief that "where there is no complete review of the facts, circumstances and policies which caused the discriminatory conduct complained about, there can be no issue preclusion." *See* Plaintiff's Memorandum of Law at 14. However, a full and fair litigation opportunity is provided if the procedures in the initial forum meet the minimum demands of procedural due process. *See Kremer v. Chemical Constr. Corp.,* 456 U.S. 461,

483–84, 102 S.Ct. 1883, 1898–99, 72 L.Ed.2d 262 (1982) (administrative finding of no probable cause with judicial review under Article 78 satisfies due process); *Bray v. New York Life Ins.,* 851 F.2d 60, 64–65 (2d Cir.1988).

In the state proceeding, plaintiff was represented by counsel, submitted exhibits attached to his Petition, could have petitioned the state court for discovery pursuant to N.Y.C.P.L.R. § 408 and could have requested a trial on any fact issue pursuant to N.Y.C.P.L.R. § 410. It cannot be said that these procedures do not provide plaintiff with due process. *Cf. Mitchell v. National Broadcasting Co.,* 553 F.2d 265, 271 (2d Cir.1977) (determination made without formal evidentiary hearing entitled to res judicata). Moreoover, plaintiff cannot rely on his failure to invoke available procedures as a basis to attack the state proceedings. *See Kremer, supra,* 456 U.S. at 485, 102 S.Ct. at 1899. Furthermore, plaintiff's failure to appeal does not limit the judgment's preclusive effect. *See Winters v. Lavine,* 574 F.2d 46, 63 (2d Cir.1978).

plaintiff's termination was racially motivated are precluded by the state court judgment, *i.e.,* plaintiff's request for reinstatement with back pay and declaratory relief and damages to the extent that they arise from plaintiff's termination. *See Weissman v. Fruchtman,* 658 F.Supp. 547, 549–50 (S.D.N.Y.1987); *Kent v. New York City Dep't of Sanitation,* 549 F.Supp. 570, 572–73 (S.D.N.Y.1982), *aff'd,* 722 F.2d 728 (2d Cir.), *cert. denied,* 464 U.S. 941, 104 S.Ct. 357, 78 L.Ed.2d 320 (1983); *see also Genova v. Town of Southampton,* 776 F.2d 1560, 1561 (2d Cir.1985) (per curiam); *Collard v. Incorporated Vlg. of Flower Hill,* 759 F.2d 205 (2d Cir.), *cert. denied,* 474 U.S. 827, 106 S.Ct. 88, 88 L.Ed.2d 72 (1985); *Winters, supra,* 574 F.2d at 55; *Yerg v. Nyack Union Free Sch. Dist.,* 141 A.D.2d 537, 529 N.Y.S.2d 150 (2d Dep't 1988).[4]

Similarly, any claim that plaintiff's termination was in retaliation for his filing the DHR complaint is also barred. That issue was submitted to the state court, *see* Notice of Petition, *supra,* at ¶ 57; Decision of Dec. 30, 1988, *supra,* at 4, and was necessarily rejected by that court in finding that his termination was lawful. *See* N.Y. Exec. Law § 296(1)(e) (McKinney 1982) (prohibiting retaliatory terminations). That being so, the fact that the state court never expressly addressed that issue in its opinion has no proper bearing on its preclusive effect. *See Winters, supra,* 574 F.2d at 60–61.

Plaintiff's claim for damages for harassment, however, is not barred by the state proceeding. That issue was never presented to the state court, *see* Petition at ¶¶ 54–57, which, in any event, only had jurisdiction to consider whether plaintiff's discharge violated state law. Therefore, to the extent that the state court found that there was no harassment, that determination was not essential to the state court finding and does not bar litigation of that issue in this forum. *See Davidson, supra,* 792 F.2d at 278–79.

CONCLUSION

Accordingly, defendants' motion for judgment on the pleadings is granted in part and denied in part. All claims in plaintiff's amended complaint for relief arising out of plaintiff's termination shall be and are hereby dismissed. The parties shall complete discovery on or before August 15, 1990 and file a Pre–Trial Order in accordance to the Court's Rules on or before September 17, 1990. A Pre–Trial Conference shall be held on September 21, 1990 at 10:30 A.M. in courtroom 129.

It is SO ORDERED.

---

4. *Budnik v. Culross,* No. 86 Civ. 1985, 1987 WL 19956 (S.D.N.Y. Nov. 10, 1987), upon which plaintiff relies, is not to the contrary. The Article 78 determination in that case addressed only whether the finding of misconduct was supported by substantial evidence and whether the penalty of dismissal was disproportionate to the misconduct. The district court, therefore, found that collateral estoppel did not preclude a subsequent federal complaint which involved an issue neither raised or addressed in the Article 78 proceeding—whether the procedures used to dismiss plaintiff violated due process.

In fact, in two other district court opinions in *Budnik,* not cited by the plaintiff, the court found that the Article 78 proceeding precluded relitigation of the reasons for plaintiff's termination and his claims for injunctive relief. *See Budnik v. Culross,* No. 86 Civ. 1985, 1987 WL 9195 (S.D.N.Y. Mar. 27, 1987); *Budnik v. Culross,* No. 86 Civ. 1985, 1988 WL 52923 (S.D.N.Y. May 17, 1988).