■ In the Matter of BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Appellants, v JOHN A. BURIC, Respondent, et al., Respondent.—Order and judgment (one paper) of the Supreme Court, New York County (Edward J. Greenfield, J.), entered April 8, 1991, *inter alia* confirming the report of a Special Referee that petitioners had wilfully failed to comply with the prior order of the same court, entered April 15, 1985, which directed reinstatement of respondent as a police officer, and directing that petitioners

reinstate respondent as a permanent tenured police officer, unanimously affirmed, without costs.

Respondent was appointed to the position of police officer, subject to an 18-month probationary period and terminated, with approximately three months left to his probationary term, on April 26, 1983, because of his pre-department employment record. Respondent's appeal to the New York City Civil Service Commission resulted in reversal of the Department's decision. The Commission's determination was upheld by the same court, same Justice in a judgment entered April 15, 1985, directing petitioners to reinstate respondent, affirmed, without opinion, by this Court, on February 13, 1986 (*Matter of Ward v Civil Serv. Commn.*, 117 AD2d 1026).

Petitioners eventually reinstated respondent as a probationary police officer subject to completion of the remainder of his probationary term and medical and psychological testing and evaluations. Respondent was reinstated on April 9, 1986 and terminated as of May 22, 1986. Respondent's petition to hold petitioners in civil contempt of the court's April 15, 1985 judgment was referred for hearing. The Special Referee concluded that petitioners had wilfully violated the court's prior order and recommended a finding of civil contempt, pursuant to Judiciary Law § 753. The court confirmed the Special Referee's report in the order and judgment appealed from and directed permanent reinstatement.

We affirm for the reasons stated by Special Term and distinguish petitioners' reliance upon *Matter of Green v Commissioner of Envtl. Conservation of State of N. Y.* (105 AD2d 1037). We also reaffirm our holding in *Matter of Wilborn v Starr* (58 AD2d 785), that but for the wrongful termination of respondent's employment, he would have completed his probationary term and achieved permanent status, to which he is entitled upon reinstatement. Petitioners' second termination of respondent was in bad faith to the extent it was based upon psychological testing inappropriately scheduled four days after a funeral for respondent's stillborn infant, and pre-department employment which had been deemed an insufficient basis for respondent's initial termination. Concur—Rosenberger, J. P., Ellerin, Smith and Rubin, JJ.