■ In the Matter of GREGORY TYNER, Appellant, v CHARLES R. HARVEY, as Director of Personnel, et al., Respondents. [594 NYS2d 916] —Weiss, P. J. Appeal from a judgment of the Supreme Court (Bradley, J.), entered November 18, 1991 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondents terminating petitioner's probationary service as a correction sergeant.

Petitioner, a correction officer with the Department of Cor-

rectional Services, passed a civil service promotion examination and was appointed to a probationary term as a correction sergeant. Petitioner performed as a probationary sergeant from mid-March 1990 to mid-July 1990 at Sing Sing Correctional Facility in Westchester County and from mid-July 1990 to mid-October 1990 at Lakeview Correctional Facility in Chautauqua County.* A probation evaluation report covering the first three months found petitioner "generally acceptable", but noted a need to improve his time and attendance records. In September 1990 a series of incidents resulted in petitioner receiving two formal counseling sessions. The first, on September 20, 1990, followed repeated errors despite an interim retraining after the original errors were brought to petitioner's personal attention by his supervisor. The second, some five days later, resulted after petitioner misplaced a pair of handcuffs. The two counseling sessions led to further problems when petitioner refused to sign either counseling memorandum despite the fact that his signature was merely an acknowledgment of receipt of the document and did not indicate that he agreed with the contents. Thereafter, petitioner was unable to provide his supervisor with a current address and telephone number as required by his employer. He was terminated from the probationary appointment and returned to his permanent position as a correction officer on or about October 3, 1990.

This proceeding was instituted to challenge petitioner's termination. Petitioner alleges that his probationary evaluations were procedurally defective and, accordingly, that his termination was arbitrary and capricious. Supreme Court found that sufficient counseling had been provided to procedurally support respondents' determination, and afforded an adequate basis substantively to conclude that the termination was neither arbitrary nor irrational. Petitioner has appealed from the judgment dismissing his petition.

Petitioner contends that respondents failed to apprise him of his probationary progress through written documentation. The record reveals, however, that during the critical 6½-month period, petitioner did receive a formal written evaluation as well as the two counseling memoranda. Moreover, the civil service regulation (4 NYCRR 4.5 [b] [5] [iii]) relied upon by petitioner does not require that the information about the

---

* Following the date of his probationary appointment on or about June 15, 1989, petitioner was injured and was out of work from August 1989 to March 8, 1990 and was receiving workers' compensation benefits. His probationary period was extended because of this period of disability.

progress of a probationer be given in written form. By limiting his petition to the lack of written material only, petitioner has failed to challenge the adequacy of oral notifications and discussions by and with his supervisors, and thus failed to state a cause of action. Petitioner's contention that the written report from his supervisor to the appointing authority was inadequate was not alleged in the petition or addressed before Supreme Court; accordingly, it is not properly before this Court.

Petitioner's remaining contention is that the decision to terminate him was arbitrary and capricious (see, Matter of Talamo v Murphy, 38 NY2d 637, 639). However, the record establishes an adequate basis for a good-faith discretionary termination (see, Matter of Rosenberg v Wickham, 36 AD2d 881, 882), and the courts will not interfere with the exercise of that discretion if made in good faith by the appointing officers (see, Matter of Talamo v Murphy, supra). There is no suggestion that the termination resulted from or was influenced by constitutionally impermissible considerations or was otherwise prohibited by statute or decisional law thereby rendering it arbitrary or capricious (see, supra, at 637).

Yesawich Jr., Levine, Crew III and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.