■ In the Matter of DARLENE HOV, Respondent, v DIVISION OF HUMAN RESOURCES OF THE BOARD OF EDUCATION OF THE CITY OF NEW YORK-MEDICAL BUREAU et al., Appellants. [610 NYS2d 787] —Order of the Supreme Court, Kings County (Gloria Cohen Aronin, J.), entered on or about January 27, 1992, which granted the CPLR article 78 petition, annulling the respondent agency's determination which terminated the petitioner's "line of duty" injury status and found that the petitioner was unfit to return to work for "reasons of personal illness", and ordering that petitioner be awarded all back pay, salary and benefits due her and reinstating her to her former employment status, is unanimously reversed, on the law and facts, and the petition dismissed, without costs.

Where medical experts are of differing opinions, the agency's choice of one over another does not constitute arbitrary and capricious conduct (Matter of Talamo v Murphy, 38 NY2d 637).

Moreover, on the record before us, there is no basis found that the respondents' determination was in bad faith.

It establishes that the respondents carefully examined and evaluated petitioner's medical condition, and determined, on the basis of ample evidence, including their multiple examinations, as well as the medical documentation submitted by petitioner, that her subjective medical and psychiatric complaints are not causally related to the November 27, 1990 incident. Since that determination was neither arbitrary nor capricious, and is based on the controlling case law, the order must be reversed, and the petition dismissed. Concur—Carro, J. P., Wallach, Asch, Nardelli and Williams, JJ.