■ In the Matter of SHEILA BUTLER, Appellant, v CATHERINE ABATE, as Correction Commissioner of the City of New York, et al., Respondents. [612 NYS2d 19] —Judgment, Supreme Court, New York County (Robert D. Lippmann, J.), entered on or about April 8, 1993, which denied the CPLR article 78 petition seeking to annul a determination of the Correction Commissioner of the City of New York terminating the petitioner as a probationary correction officer in the New York City Department of Correction and seeking reinstatement with seniority and back-pay, or, in the alternative, an eviden-

tiary hearing as to the respondents' good faith, unanimously affirmed, without costs.

The IAS Court properly determined that the termination of the petitioner as a probationary correction officer was neither arbitrary, capricious nor made in bad faith, since the record reveals that the petitioner was terminated only after the warden of the correctional facility to which the petitioner was assigned and the director of the respondents' Health Management Division had found petitioner unfit for work.

A probationary employee can be dismissed without a hearing and without a statement of reasons in the absence of any demonstration that dismissal was for a constitutionally impermissible purpose or in violation of statutory or decisional law. Judicial review of such a determination is limited to an inquiry as to whether the termination was made in bad faith, and the petitioner bears the burden of raising and proving such bad faith, with mere conclusory allegations based upon speculations insufficient to meet that burden *(Matter of Soto v Koehler,* 171 AD2d 567, 568, *lv denied* 78 NY2d 855).

It is equally well settled that absenteeism or lateness constitute reasonable grounds to terminate a probationary employee *(supra; Matter of Ferone v Koehler,* 160 AD2d 572), and that the termination of a probationary employee based upon the advice of Correction Department medical experts does not constitute bad faith *(Matter of Talamo v Murphy,* 38 NY2d 637; *Matter of Lukas v Brown,* 181 AD2d 612).

In the instant proceeding, petitioner has failed to present any credible evidence to substantiate her conclusory allegations that the respondents acted in bad faith in terminating her employment, particularly where, as here, the petitioner's employment was terminated not, as petitioner asserts, for seeking assistance at the respondents' Employee Assistance Program for severe depression, but rather based upon medical evaluations by respondents' staff psychologists, after repeated examinations, of petitioner's psychological unfitness to perform the duties of a correction officer, with no prognosis for improvement in the foreseeable future, as well as one hundred and fifteen days of prolonged absence which necessitated reassignment of personnel and disrupted essential departmental functions.

Petitioner's unsupported allegation of bad faith does not warrant an evidentiary hearing *(Matter of Johnson v Katz,* 68 NY2d 649, 650; *Matter of Cortijo v Ward,* 158 AD2d 345).

We have considered petitioner's remaining claims and find

them to be without merit. Concur—Ellerin, J. P., Ross, Nardelli and Williams, JJ.