104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Robert CARLEN, M.D., Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH SERVICES; David Harris, M.D.,
individually and as former Commissioner of the
Suffolk County Department of Health
Services; Suffolk County,
Defendants-Appellees.
 No. 96-7179.
 United States Court of Appeals, Second Circuit.
 Sept. 26, 1996.
 
 1
 Appeal from the United States District Court for the Eastern District of New York (Wexler, Judge ).
 
 
 2
 This cause came on to be heard on the transcript of record from the United States District Court for the Eastern District of New York and was argued.
 
 
 3
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby affirmed.
 
 
 4
 E.D.N.Y.
 
 
 5
 AFFIRMED.
 
 
 6
 Appearing for Appellant: Kathleen A. Carlsson, Sayville, New York. Appearing for Appellees: Jeltje deJong, Assistant County Attorney, Hauppauge, New York.
 
 
 7
 Before MESKILL, WINTER and CABRANES, JJ.
 
 
 8
 Robert Carlen appeals from Judge Wexler's dismissal of his complaint pursuant to Federal Rule of Civil Procedure 12(c). Carlen, a physician formerly employed by the Suffolk County Department of Health Services, brought this action under 42 U.S.C. § 1983 asserting violations of his constitutional rights under the First, Fifth and Fourteenth Amendments, and "indirectly" under the Eighth Amendment.
 
 
 9
 Relying primarily on Davidson v. Capuano, 792 F.2d 275 (2d Cir.1986), Carlen argues that the Article 78 proceedings did not bar his present action under the principles of res judicata because the state court in the Article 78 proceeding did not have the power to award the monetary damages sought in the federal litigation. Carlen, however, confuses claim preclusion and issue preclusion. The district court correctly based its decision on the rules of issue preclusion; Davidson relates only to claim preclusion.
 
 
 10
 The doctrine of res judicata, or claim preclusion, provides that a "final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980); see also Burgos v. Hopkins, 14 F.3d 787, 789 (2d Cir.1994). The doctrine of issue preclusion, also referred to as collateral estoppel, is distinct. As defined in Allen, "[u]nder collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." 449 U.S. at 94.
 
 
 11
 Different rules apply to each doctrine, and the precise preclusive effect of a New York judgment in a subsequent federal action must be determined in accordance with New York law. See 28 U.S.C. § 1738; Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984). Under New York law "the doctrine of claim preclusion, which bars relitigation of causes of actions [sic], does not apply where the initial forum did not have the power to award the full measure of relief sought in the subsequent litigation." Rameau v. New York State Dep't of Health, 741 F.Supp. 68, 71 n. 2 (S.D.N.Y.1990). Davidson held that because damages for civil rights violations are not recoverable in an Article 78 proceeding, a judgment resulting from such a proceeding will not bar a subsequent federal action based on the same underlying facts and seeking that relief. 792 F.2d at 281-82.
 
 
 12
 However, the doctrine of issue preclusion under New York law is not similarly limited. "There are two requirements for the application of collateral estoppel to an issue: (1) '[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action,' and (2) 'there must have been a full and fair opportunity to contest the decision now said to be controlling.' " Burgos, 14 F.3d at 792 (quoting Schwartz v. Pub. Adm'r, 24 N.Y.2d 65, 298 N.Y.S.2d 955, 960 (1969)).
 
 
 13
 In Davis v. Halpern, 813 F.2d 37, 39 (2d Cir.1987), we held that although a judgment in a prior Article 78 proceeding is not a bar to a subsequent federal civil rights action under the doctrine of claim preclusion, federal plaintiffs are precluded from relitigating issues that were fully and fairly litigated and necessarily determined in the Article 78 proceeding. 813 F.2d at 39; see also Rameau, 741 F.Supp. at 70-71.
 
 
 14
 As the district court opinion makes clear, Carlen's substantive due process, First Amendment, and Equal Protection claims must be dismissed because they are based upon issues that have already been litigated in the Article 78 proceedings and decided against him. Carlen v. Dep't of Health Servs., 912 F.Supp. 35, 39-41 (E.D.N.Y.1996). Similarly, Carlen's "indirect" Eighth Amendment claims fail for lack of standing for the reasons stated by Judge Wexler. Id. at 42.
 
 
 15
 We therefore affirm for substantially the reasons stated by the district court.