■ In the Matter of JABRINE TAYLOR, Appellant, v STATE UNIVERSITY OF NEW YORK et al., Respondents. [787 NYS2d 753]—

Appeal from a judgment of the Supreme Court, Onondaga County (Charles T. Major, J.), entered September 25, 2003 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner appeals from a judgment dismissing her CPLR article 78 petition seeking to annul the determination of respondents to terminate her probationary employment at respondent State University of New York, Upstate Medical University. It is well established that a probationary civil service employee " 'may be dismissed for almost any reason, or for no reason at all' " (*Matter of Swinton v Safir*, 93 NY2d 758, 762-763 [1999], quoting *Matter of Venes v Community School Bd. of Dist. 26*, 43 NY2d 520, 525 [1978]). Moreover, a probationary employee has "no right to challenge the termination by way of a hearing or otherwise, absent a showing that [s]he was dismissed in bad faith or for an improper or impermissible reason (*see, Matter of York v McGuire*, 63 NY2d 760, 761; *Matter of Anonymous v Codd*, 40 NY2d 860 )" (*Swinton*, 93 NY2d at 763; *see also Matter of Johnson v Katz*, 68 NY2d 649, 650 [1986]). "The burden of raising and proving such 'bad faith' is on the employee and the mere assertion of 'bad faith' without the presentation of evidence demonstrating it does not satisfy the employee's burden" (*Matter of Soto v Koehler*, 171 AD2d 567, 568 [1991], *lv denied* 78 NY2d 855 [1991]; *see Matter of Rossetti-Boerner v Hampton Bays Union Free School Dist.*, 1 AD3d 367, 368 [2003]).

We conclude that petitioner did not sustain her burden of showing in the first instance that her termination was in bad faith (*see Matter of Cleary v New York State Dept. of Educ.*, 239 AD2d 649, 650 [1997], citing *Johnson*, 68 NY2d at 650). We conclude, moreover, that the termination was not carried out in an illegal manner. Instead, the record establishes that petitioner's probationary employment was overseen by respondents in

full conformity with the applicable regulation (*see* 4 NYCRR 4.5 [b] [5] [iii]; *Matter of Berry v Perales*, 195 AD2d 926, 930 [1993], *appeal dismissed* 82 NY2d 802 [1993]; *see also Tuller v Central School Dist. No. 1 of Towns of Conklin, Binghamton, Kirkwood & Vestal*, 40 NY2d 487, 494-495 [1976], *rearg denied* 40 NY2d 918 [1976]; *Matter of Scott v Workers' Compensation Bd. of State of N.Y.*, 275 AD2d 877, 878 [2000]; *Matter of Tyner v Harvey*, 191 AD2d 924, 925-926 [1993]; *see generally Matter of Ward v Roswell Park Mem. Inst.*, 161 AD2d 1148 [1990]). Present—Pine, J.P., Scudder, Kehoe, Smith and Lawton, JJ.