◼ In the Matter of DONALD JAMES CARROLL, Respondent, v NEW YORK STATE CANAL CORPORATION et al., Appellants. [857 NYS2d 415]—

Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered April 10, 2007 in a proceeding pursuant to CPLR article 78. The order, inter alia, directed the parties to conduct discovery.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding seeking to annul the determination that terminated his probationary employment as a tender captain with respondent New York State Canal Corporation. Supreme Court erred in directing the parties to conduct discovery in anticipation of a hearing and in denying the request of respondents in their answer seeking dismissal of the petition. "As a probationary employee, petitioner had no right to challenge the termination by way of a hearing or otherwise, absent a showing that he was dismissed in bad faith or for an improper or impermissible reason" (*Matter of Swinton v Safir*, 93 NY2d 758, 763 [1999]). Petitioner made no such showing, and thus there is no basis for discovery or a hearing (*see generally Matter of Taylor v State Univ. of N.Y.*, 13 AD3d 1149 [2004]). Indeed, petitioner fails even to allege that his termination was in bad faith (*see Matter of Intemann v County of Hamilton*, 132 AD2d 871, 872 [1987]), and the probationary service reports attached to the petition state that his services during the probationary periods underlying each report were not "generally satisfactory" (*cf. Matter of Rollick v Ambach*, 97 AD2d 637, 638 [1983]). We note in addition that petitioner admits that his termination was precipitated by his refusal to comply with his supervisors' direct order, which warranted his termination for insubordination notwithstanding his contention that his refusal was justified (*see Matter of Scott v Wetzler*, 195 AD2d 905, 907 [1993]). Present—Scudder, P.J., Hurlbutt, Centra, Green and Gorski, JJ.