# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**187**
**CA 10-01459**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, SCONIERS, AND GORSKI, JJ.

---

IN THE MATTER OF DEMAR MATHIS,
PETITIONER-RESPONDENT,

V                                            MEMORANDUM AND ORDER

NEW YORK STATE DEPARTMENT OF CORRECTIONAL
SERVICES, RESPONDENT-APPELLANT.
(APPEAL NO. 2.)

---

ANDREW M. CUOMO, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL),
FOR RESPONDENT-APPELLANT.

---------------------------------------------------------------------------------

Appeal from a judgment (denominated decision and order) of the Supreme Court, Erie County (John L. Michalski, A.J.), entered December 18, 2009 in a proceeding pursuant to CPLR article 78. The judgment granted respondent's motion for leave to reargue, and upon reargument adhered to the court's determination granting the petition.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination terminating his employment as a correction officer for failure to complete his probationary period in a satisfactory manner. Supreme Court granted the petition, annulled the determination, reinstated petitioner in his former position and awarded him back pay. The court thereafter granted the motion of respondent to reargue its opposition to the petition and, upon reargument, the court erred in adhering to its prior decision. We reverse.

We agree with respondent that, at the time of his termination, petitioner was a probationary employee who could be terminated " 'for almost any reason[] or for no reason at all' " (*Matter of Swinton v Safir*, 93 NY2d 758, 762-763; *see Matter of Taylor v State Univ. of N.Y.*, 13 AD3d 1149). Petitioner's probationary term was to expire on October 29, 2007, but it was extended by 92 days pursuant to 4 NYCRR 4.5 (g). The court, in concluding that petitioner was no longer a probationary employee on the date he was terminated, calculated the extension using calendar days rather than workdays. Petitioner, however, did not challenge respondent's calculation of the probation extension in his petition. Even assuming, arguendo, that the court could base its determination on a ground not raised in the petition

(*see Matter of Roth v Syracuse Hous. Auth.*, 270 AD2d 909, *lv denied* 95 NY2d 756), we conclude that the court erred in calculating the expiration date of the extended probationary term.  Where, as here, a probationary term is extended pursuant to 4 NYCRR 4.5 (g), the extension is "one workday for every workday" the employee has missed (*Matter of Beck v Walker*, 286 AD2d 996, 996; *see Matter of Fischer v Hongisto*, 75 AD2d 973, 974, *appeal dismissed* 53 NY2d 703).

"As a probationary employee, petitioner had no right to challenge the termination by way of a hearing or otherwise, absent a showing that he was dismissed in bad faith or for an improper or impermissible reason" (*Swinton*, 93 NY2d at 763; *Matter of Carroll v New York State Canal Corp.*, 51 AD3d 1389; *Taylor*, 13 AD3d at 1149).  Petitioner made no such showing here.  Indeed, he had excessive absenteeism, disobeyed a direct order to return to work and continued to have absenteeism problems after being counseled with respect thereto.  As respondent correctly contends, "[c]hronic absenteeism is a sufficient basis for terminating a probationary employee" (*Matter of Skidmore v Abate*, 213 AD2d 259, 260; *see Matter of Williams v Commissioner of Off. of Mental Health of State of N.Y.*, 259 AD2d 623), as is the refusal to comply with a direct order (*see Carroll*, 51 AD3d 1389).

Entered:  February 18, 2011                    Patricia L. Morgan
                                               Clerk of the Court