Seibel v Scarola Zubatov Schaffin PLLC (2025 NY Slip Op 00067)

Seibel v Scarola Zubatov Schaffin PLLC

2025 NY Slip Op 00067

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 650912/23 Appeal No. 3403 Case No. 2023-05107 

[*1]Rowen Seibel et al., Plaintiffs-Appellants,
v
Scarola Zubatov Schaffin PLLC, Defendant-Respondent.

Garson, Segal, Steinmetz Fladgate LLP, New York (Robert Garson of counsel), for Rowen Seibel, appellant.
Scarola Zubatov Schaffzin PLLC, New York (Daniel J. Brooks of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about August 31, 2023, which, to the extent appealed from as limited by the briefs, granted defendant Scarola Zubatov Schaffzin PLLC's (SZS) motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
The court properly granted defendant's motion for summary judgment dismissing the complaint for legal malpractice and breach of contract. Contrary to plaintiffs' contention, the affidavit by defendant law firm managing member, Richard Scarola, was admissible. Scarola's statements, recounting what Steven Bennett, now deceased, one of the attorneys assigned to plaintiffs' case, told him, were not offered for the truth of the matters asserted, but for the effect those statements had on Scarola's state of mind, specifically on why he decided that SZS should discontinue its representation of plaintiffs Rowen Seibel and the Seibel-related entities (see Matter of Bergstein v Board of Educ., Union Free School Dist. No. 1 of Towns of Ossining, New Castle & Yorktown, 34 NY2d 318, 323-324 [1974]). The affidavit of Daniel Brooks, the other attorney assigned to plaintiffs' matter, was admissible based on his personal knowledge of the facts stated therein. Also contrary to plaintiffs' contention, the Brooks affidavit did not require the attachment of SZS's billing statements, as Seibel not only failed to object to the billing statements, but admittedly paid the fees (see Aronson Mayefsky & Sloan, LLP v Praeger, 228 AD3d 182, 185 [1st Dept 2024]). In fact, Seibel did not object to the fees until the instant action; such belated protest is insufficient to defeat summary judgment (see Mintz & Gold LLP v Daibes, 125 AD3d 488, 489 [1st Dept 2015]).
SZS was properly granted summary judgment based on Seibel's breach of the parties' retainer agreement (see Markov v Katt, 176 AD3d 401, 401-402 [1st Dept 2019]). The retainer agreement called for a retainer and installment payments from Seibel totaling $500,000 as a cap through discovery and summary judgment (if any). The retainer agreement further provided that either party could terminate the relationship at any time, with SZS having the right to terminate its services if Seibel failed "to cooperate with a reasonable request, or if [SZS] determines, in its sole discretion, that continuing services to [Seibel] would be unethical, impractical, improper or otherwise inappropriate." Several circumstances warranted SZS's discontinuation of its representation of Seibel, including: the breach of Seibel's duty to be truthful about certain kickbacks and his supposed disassociation from agreements with Caesars Enterprises Inc.; Seibel's refusal to cooperate with SZS's reasonable request that he produce his prenuptial agreement to Caesars; and the impracticability of continuing the representation due to Seibel's failure to pay key vendors and expert witnesses and because of Bennett's untimely death.
Furthermore, SZS demonstrated [*2]that it had grounds to discontinue its services without refunding Seibel's fees. Seibel failed to object to the billing, which exceeded the $500,000 cap, and admitted that he paid that amount, thereby waiving any right he may have had to insist that SZS either continue representation or refund a portion of its fees (see generally Hyperion Med. P.C. v TriNet HR III, Inc., 190 AD3d 456, 458 [1st Dept 2021]). Seibel is also estopped from claiming that SZS breached the retainer agreement by terminating its services (see Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184 [1982]). SZS relied to its detriment upon Seibel's agreement to find replacement counsel, and Seibel never claimed that SZS was not entitled to discontinue its representation, nor did he request that SZS refund the fees already paid.
We have considered plaintiffs' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025